752 F.2d 640
 UNITED STATES of America, Appellee,
v.
Edward DeJESUS, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Veronica DeJESUS, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Claudius SMITH, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Faye HULLUM, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Franklin A. SHEARER, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Mattie LEDBETTER, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Charles ROMANO, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Grady HAYNES, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Ricardo TORRES, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Lanier GRIFFIN, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Jessie WOODBURY, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Rhonda WASHINGTON, a/k/a Rhonda Smith, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Kathy AMADO, Defendant, Appellant.
UNITED STATES of America, Appellee,
v.
Clarence VARISTE, Defendant, Appellant.
 Nos. 84-1473 to 84-1481, 84-1483, 84-1484 and 84-1486 to 84-1488.
 United States Court of Appeals,
First Circuit.
 Jan. 15, 1985.
 
 Andrew Good, Boston, Mass., and Domenick J. Porco, New York City, for defendants, appellants.
 John F. Cicilline, Providence, R.I., for Edward DeJesus.
 John Bonistalli, Boston, Mass., for Veronica DeJesus.
 Walter B. Prince, Boston, Mass., for Claudius Smith.
 Richard D. Glovsky, Boston, Mass., for Faye Hullum.
 William P. Homans, Jr., Boston, Mass., for Franklin A. Shearer.
 Michael J. Liston and Palmer & Dodge, Boston, Mass., for Mattie Ledbetter.
 Domenick J. Porco, New York City, for Charles Romano.
 Paul J. O'Rourke, Boston, Mass., for Grady Haynes.
 Brian T. Callahan, Medford, Mass., for Ricardo Torres.
 Andrew Good, Boston, Mass., by appointment of the Court, for Lanier Griffin.
 David P. Twomey and Dwyer & Murray, Boston, Mass., by appointment of the Court, for Jessie Woodbury.
 Willie J. Davis, Boston, Mass., for Rhonda Washington, a/k/a Rhonda Smith.
 Alan D. Rose and Nutter, McLennan & Fish, Boston, Mass., for Kathy Amado.
 William Shaw McDermott and McDermott & Rizzo, Boston, Mass., for Clarence Variste.
 Tobin N. Harvey, Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief, for appellee.
 Paula J. DeGiacomo, Asst. Atty. Gen., Boston, Mass., with whom Francis X. Bellotti, Atty. Gen., Frederick W. Riley, Chief, Asst. Atty. Gen., Crim. Bureau, Barbara A.H. Smith, Chief, Asst. Atty. Gen., Crim. Appellate Div., Boston, Mass., for appellee, Amicus Curiae.
 Before COFFIN, BOWNES and TORRUELLA, Circuit Judges.
 PER CURIAM.
 
 
 1
 In the en banc decision entered on January 17, 1984, we remanded this case to the district court to determine only "the existence and extent of authorizations" by the district attorney for certain wiretap renewals and amendments. United States v. Smith, 726 F.2d 852, 859-60 (1st Cir.1984). After a hearing on remand, the district court concluded "that all wiretaps in this case were properly authorized as to all defendants." 587 F.Supp. 653.
 
 
 2
 Defendants-appellants now argue on appeal that Commonwealth v. Vitello, 367 Mass. 224, 327 N.E.2d 819 (1975), mandates reversal of the district court's judgment upholding use of the wiretap evidence. They claim that Vitello requires the district attorney to give contemporaneous written authorization for all wiretap renewal and amendment applications. Since the district court based its findings of actual authorization only on post hoc testimonial evidence, appellants contend that the wiretap evidence must be suppressed.
 
 
 3
 Appellants belatedly raised this claim for the first time at the en banc oral argument. Without the benefit of briefing on the issue, we concluded that Massachusetts law requires proof of actual authorization and remanded the case to the district court for such proof. We had in mind only that the court conduct an individualized inquiry into the existence of actual authorization for the wiretap renewals and amendments. Although we indicated that the presence of documentation would be conclusive on this point, we did not state that a writing was essential to prove adequate authorization. The district court conducted the inquiry we requested and we, therefore, affirm the judgment below.
 
 
 4
 We do not suggest by our decision that Massachusetts allows post hoc testimonial evidence to prove authorization for wiretap renewal and amendment applications. We simply note that in the en banc decision of this case, we stated that actual authorization, regardless of form, was necessary. Based on this earlier decision, we refuse to reconsider the merits of appellants' authorization claim. Although the analysis has been focused and refined since the en banc argument, we believe our earlier decision stands as law of the case and, as such, became binding precedent in successive stages of the litigation. See Arizona v. California, 460 U.S. 605, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). Law of the case is not a jurisdictional bar to reconsideration of the issue before us, but the policies underlying the rule militate for its application in this proceeding.
 
 
 5
 "The 'law of the case' rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that 'there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members,' and that it would be impossible for an appellate court 'to perform its duties satisfactorily and efficiently' and expeditiously 'if a question, once considered and decided by it were to be litigated anew in the same case upon any and every subsequent appeal' thereof." White v. Murtha, 377 F.2d 428, 431-432 (5th Cir.1967) (citations omitted).
 
 
 6
 Law of the case may properly be invoked in any matter, civil or criminal, where, as here, the arguments advanced by appellants on remand are in clear conflict with the prior decision in the case. Paul v. United States, 734 F.2d 1064, 1065-1066 (5th Cir.1984). If appellants doubted the correctness of the law of the case as established by the en banc decision, it was incumbent upon them either to petition for rehearing or to move for recall of the mandate. See J. Moore, J. Lucas, T. Currier, 1B Moore's Federal Practice p 0.404 (1983). Failure to challenge our decision in the proper manner bound the district court to our instructions on remand, and we feel it would be an improper use of judicial resources to reconsider the questioned ruling at this time.
 
 
 7
 Appellant Variste makes an additional claim based on the district court findings. In contrast to the wiretap renewal applications, for which the district court found actual authorization, the court found that the wiretap amendment application which added appellant Variste's name as an interceptee to an existing (authorized) wiretap was not specifically authorized by the attorney general prior to submission to the Massachusetts courts for approval. The court below concluded, however, that because Mass.Gen.Laws Ann. ch. 272, Sec. 99 does not require actual authorization by the district attorney for amendment applications, the filing of the amendment was lawful. As to this point, we also affirm.
 
 
 8
 The question of when (if ever) and how (if at all) an authorized wiretap should be amended to add the names of new interceptees is one of first impression in Massachusetts. No provision in the Massachusetts statute speaks directly to this question, nor does Vitello provide much guidance. We decline to attempt to provide our own gloss covering this aspect of Massachusetts wiretap law, and therefore do not reach the government's argument that it is never necessary to amend a wiretap warrant to authorize the interception of conversations of new individuals overheard discussing the crime specified in the warrant. See United States v. Principie, 531 F.2d 1132, 1137 (2d Cir.1976); United States v. O'Neill, 497 F.2d 1020, 1023 (6th Cir.1974) (discussing the New York wiretap statute). Absent a pronouncement from the state court, we will not infer a requirement of district attorney authorization from this otherwise silent statute. Moreover, the wiretap amendment which named Variste did receive judicial authorization.
 
 
 9
 The district court carefully followed our directions on remand and made fact findings based on substantial evidence. We are, also, unpersuaded by appellants' remaining arguments. Accordingly, the judgment below is
 
 
 10
 Affirmed.