UNITED STATES of America, Appellee,

v.

Norman AMADO, Defendant, Appellant.

No. 84–1784.

United States Court of Appeals,
First Circuit.

Argued Jan. 9, 1985.

Decided Feb. 6, 1985.

John B. Lawlor, Jr., Boston, Mass., with whom Moos & Lawlor, Boston, Mass., was on brief for defendant, appellant.

Dennis J. Kelly, Asst. U.S. Atty., Boston, Mass., with whom Tobin N. Harvey, Asst. U.S. Atty., and William F. Weld, U.S. Atty., Boston, Mass., were on brief for appellee.

Before COFFIN, BOWNES and TORRU-ELLA, Circuit Judges.

BOWNES, Circuit Judge.

Oral argument on this appeal was heard on January 9, 1985. On January 18, the government filed a motion to dismiss the appeal with prejudice. The reason given was

that during the pendency of the appeal the defendant-appellant Norman Amado violated his condition of release on bail and became a fugitive from justice; that as a result, on January 8, 1985, upon the Government's Motion, the District Court revoked the defendant's bail pending this appeal and issued a warrant for his arrest, and that the defendant still remains a fugitive from justice.

There can be no doubt of our authority to dismiss the appeal with prejudice.

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. In the absence of specific provision to the contrary in the statute under which Molinaro appeals, 28 U.S.C. § 1257(2), we conclude, in light of the *Smith [v. United States,]* [4 Otto 97, 94 U.S. 97, 24 L.Ed. 32 (1876)] and *Bonahan [v. State, ]* [125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854 (1887)] decisions, that the Court has the authority to dismiss the appeal on this ground. The dismissal need not await the end of the Term or the expiration of a fixed period of time, but should take place at this time.

*Molinaro v. New Jersey,* 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1969). We have relied on *Molinaro* in the past to dismiss appeals with prejudice. *See United States v. Gordon,* 538 F.2d 914 (1st Cir.1976) (*pro se* defendant failed to appear for oral argument, arrest warrant outstanding), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2060, 60 L.Ed.2d 665 (1979); *United States ex rel. Bailey v. U.S. Commanding Officer of the Office of the Provost Marshal, U.S. Army,* 496 F.2d 324 (1st Cir. 1974) (petition for habeas corpus denied where petitioner had escaped from military custody); *United States v. Tremont,* 438 F.2d 1202 (1st Cir.1971) (defendant absconded after conviction, appeal dismissed).

Defendant, here, had entered a conditional guilty plea pursuant to Federal Rule of Criminal Procedure 11(a)(2). Nothing in the Federal Rules of Criminal Procedure or the Federal Rules of Appellate Procedure prevents, under these circumstances, a dismissal of the appeal.

Although not necessary to our decision, we feel constrained to point out the following. Defendant raised two issues on appeal: that wiretap evidence implicating himself and other defendants should have been suppressed; and that the delay between his indictment and arraignment violated both the Speedy Trial Act and his constitutional rights to a speedy trial. On the suppression issue, defendant relied on the briefs filed by the other defendants and took the same position as they did. The appeals of the other defendants on the suppression issue has been decided against them. *United States v. DeJesus, et al.*, 752 F.2d 640 (1st Cir., 1985), affirming 587 F.Supp. 653 remand from 726 F.2d 852 (1984). Our only comment on the second issue is that one of the reasons for the delay between defendant's indictment and arraignment was that he was a fugitive for six months and could not be located.

*Appeal dismissed with prejudice.*