UNITED STATES of America, Appellee,

v.

Paul PUZZANGHERA, a/k/a Paul
Corvo, a/k/a Paul Gera,
Defendant, Appellant.

No. 86–1317.

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1987.

Decided June 9, 1987.

James B. Dolan, Boston, Mass., by Appointment of the Court, with whom Badger, Sullivan, Kelley & Cole, Boston, Mass., was on brief, for defendant, appellant.

Deborah A. Ramirez, Asst. U.S. Atty., with whom Robert S. Mueller, III, U.S. Atty., Boston, Mass., was on brief, for appellee.

Before CAMPBELL, Chief Judge,
ALDRICH and SELYA, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

Paul Puzzanghera was convicted after a jury trial in the United States District Court for the District of Massachusetts of conspiracy and mail fraud. Evidence at the trial revealed a scheme in which Puzzanghera and others tricked legitimate concerns that were in the business of supplying temporary technical personnel to send salary checks made out to what were in fact fictitious employees. Using phony endorsements, defendants then deposited the checks to bank accounts they controlled.

On March 12, 1986, the court sentenced Puzzanghera to a three-year prison term. Having appealed to this court, Puzzanghera commenced to serve the sentence at FCI Danbury, Connecticut, on April 9, 1986. The appeal proceeded slowly for a variety of reasons, including the defense's need for additional time to file a statement of issues, and then its brief. On February 4, 1987, this court heard argument on Puzzanghera's appeal which it took under advisement. On that same date Puzzanghera left prison, ostensibly for a day's furlough he had received. He did not return. An arrest warrant was issued, and the government moved to dismiss Puzzanghera's appeal with prejudice on the ground that he had escaped. Puzzanghera's attorney filed an opposition.

After receipt of the government's initial motion and the opposition, this court directed the government to file a more adequate supporting affidavit attesting to the escape

and indicating whether Puzzanghera remained at large.

On March 11, 1987, Puzzanghera was apprehended by federal authorities in Nashville, Tennessee, where, according to an FBI agent's affidavit since filed, he was using the name Paul Romano, having also used other false names in the past month, and having written bad checks on bank accounts in Connecticut, Indiana, Kentucky and Tennessee.

Thereafter, Puzzanghera filed a further opposition to the government's motion to dismiss the appeal, pointing out that he was returned to custody and that, "the reasons for which an appeal may be dismissed therefore no longer exist, and the motion is rendered moot." On April 1, 1987, Puzzanghera pled guilty to an information charging him with escape in violation of 18 U.S.C. § 751(a) (1982).[1] We are told that he has since filed a motion to withdraw the guilty plea.

On April 2, 1987, this court entered an order for the parties to file memoranda addressed to, "among other things, whether an escape for the period in issue, terminated in this manner ... constitutes grounds for dismissal of an appeal." Memoranda as directed were subsequently filed together with affidavits from the government detailing Puzzanghera's escape and subsequent apprehension.

If Puzzanghera were still at large, there could be no question that this court, in its discretion, could and normally would dismiss the appeal. In *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court held that "[no] persuasive reason exists" why it should proceed to adjudicate the merits of a criminal case after the convicted defendant who had sought review had escaped. *Id.* at 366, 90 S.Ct. at 498. The Court said,

> While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

*Id.* at 366, 90 S.Ct. at 498. *Accord United States v. Amado*, 754 F.2d 31 (1st Cir. 1985).

▪ After an appellant has escaped, this court will normally require the government to establish the fact of voluntary escape by filing a satisfactory affidavit from the warden of the institution from which the escape took place, or from some other person with official responsibility for appellant's safekeeping. Before finally dismissing the appeal, we will want it to be established that appellant has been at large for a significant period of time. *United States v. Tremont*, 438 F.2d 1202, 1203 (1st Cir. 1971). We shall regard an absence of 30 days as minimally sufficient. Dismissal will ordinarily be with prejudice.

While an appellate court's right to dismiss the appeal of an escapee still at large is clear, the law is less clear as to its right to dismiss an appeal when, prior to dismissal, the escaped appellant has been returned to custody. Because the Court in *Molinaro* said that an escapee was "disentitled" to call on the resources of the court, and because no suggestion was there made that an escapee's right of appeal, once dismissed, should be restored upon his return to custody, it can be argued that there is no good reason why recapture should restore the *status quo ante*. Escape, pursuit, and recapture not only put the government and the taxpayers to considerable expense, they often put a reviewing court to additional trouble, as here, by diverting its attention from the merits of the appeal and involving it in a flurry of extraneous matters. In escaping, appellant has demonstrated his contempt for the justice system of which the appellate court is one part. Merely because—no thanks to him—he is recaptured, it is not evident that he regains the right to review that he earlier forfeited. It is well established that there is no constitutional right to appellate review even in criminal cases. *See, e.g., McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 914, 38 L.Ed. 867 (1894); *Griffin v. Illinois*, 351

---

1. Under the Bureau of Prisons regulations governing furloughs, an inmate who absconds from furlough is deemed to be an escapee under 18 U.S.C. § 751. *See* 28 C.F.R. § 570.37 (1986).

U.S. 12, 18, 76 S.Ct. 585, 590, 100 L.Ed. 891 (1956).

There are, to be sure, contrary arguments. A reason sometimes given for denying the right of appellate review to an at-large prisoner is that the prisoner has, by his actions, arrogated to himself the right not to respond to an unfavorable decision. *United States v. Gordon,* 538 F.2d 914, 915 (1st Cir.1976), *cert. denied,* 441 U.S. 936, 99 S.Ct. 2060, 60 L.Ed.2d 665 (1979). That reason no longer holds once he is restored to custody. *Cf. Williams v. Holbrook,* 691 F.2d 3, 14–15 (1st Cir.1982). This and related theories were discussed by a divided Supreme Court in *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (see Justice Stewart's dissenting opinion, at 543–45, 95 S.Ct. at 1178–79). In *Estelle* a majority of the Court upheld, against an equal protection challenge, a Texas statute denying a prisoner's right to appeal if he escaped unless he voluntarily surrendered within ten days. In that case the respondent prisoner had been recaptured two days after his escape, and the Texas appeals court removed his appeal from its docket.

Puzzanghera asserts that no federal court has dismissed an appeal where the defendant has been returned to custody. *See, e.g., United States v. Snow,* 748 F.2d 928 (4th Cir.1984) (where defendant had been recaptured, court "had no need to flex its muscles" and so court refused to dismiss appeal). Moreover, Puzzanghera points out that in many cases, even when the defendant was still at large, the courts gave the defendant an opportunity to present himself to the court before the appeal was dismissed. Some courts have given the fugitive 30 more days to turn himself in before the conditional dismissal became final. *See Brinlee v. United States,* 483 F.2d 925 (8th Cir.1973) (court ordered appeal dismissed if defendant not returned to custody within 30 days); *United States v. Swigart,* 490 F.2d 914 (10th Cir.1973) (same); *Johnson v. Laird,* 432 F.2d 77 (9th Cir.1970) (same). *See also United States v. Freelove,* 816 F.2d 479 (9th Cir.1987) (defendant given 42 days to surrender).

While the question is perhaps close, we can see no reason that a recaptured, escaped appellant, under the circumstances presented here, should be restored to his full appellate rights.[2] Recaptured involuntarily under an assumed name in a distant city after violating a furlough, Puzzanghera has few if any equities to argue. To be sure, he will be subject to separate punishment for the escape. But his conduct has burdened this court with additional time-consuming activities, and we see no reason why, having flouted "the restraints placed upon him pursuant to the conviction," *Molinaro,* 396 U.S. at 366, 90 S.Ct. at 498, Puzzanghera should now be handed back his forfeited right of appellate review. Had his own plans not gone awry, he would still be at large; that he was recaptured does not redound to his credit. Where an appellant (a) voluntarily escapes; and (b) is returned to custody involuntarily after a period in excess of 30 days, we believe this court should, absent special mitigating factors, dismiss the appeal.

We add that, while in the preceding paragraph we have expressed a norm to which this court will generally adhere, we shall consider the circumstances of each situation, as we have here, before dismissing a recaptured escapee's appeal. We can imagine very unusual cases where equities pertaining to the escape and recapture, or to the merits of the appeal, could induce us to retain jurisdiction. This is not such a case.

*Appeal dismissed.*

---

**2.** In *Estelle v. Dorrough,* 420 U.S. at 537, 95 S.Ct. at 1175, in upholding a Texas statute that dismissed criminal appeals of escapees who did not voluntarily surrender within ten days (notwithstanding their recapture), the Supreme Court found the statute served several purposes: it discouraged escape and encouraged voluntary surrender. It promoted "the efficient, dignified operation" of the criminal appeals court. These reasons are all applicable here.