972 F.2d 337
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Russell H. WOGAN, Defendant, Appellant.
 No. 91-2007.
 United States Court of Appeals,
First Circuit.
 August 14, 1992
 
 Appeal from the United States District Court for the District of Maine
 Richard S. Emerson, Jr. on brief for appellant.
 Richard S. Cohen, United States Attorney, and F. Mark Terison, Assistant United States Attorney, on brief for appellee.
 D.Me.
 AFFIRMED.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, and Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 Appellant Russell H. Wogan and co-defendant Daniel J. Casale were indicted on charges of (1) conspiring to possess heroin with the intent of distributing it in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 846; and (2) distributing and aiding and abetting the distribution of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2. Both appellant and Casale pleaded guilty.
 
 
 2
 The district court first sentenced Casale on November 21, 1990. Based on the sentencing hearing and the information contained in Casale's Presentence Report (PSR), the court made the following findings. From February 1990 through the end of July 1990, Casale and appellant travelled regularly to Massachusetts to purchase heroin to sell in Portland. In calculating the quantity of drugs for purposes of Casale's base offense level, the court first found that the offense conduct involved 5.75 grams of heroin (the total of the amount Casale and appellant sold to an informant and the amount they possessed when they were arrested).
 
 
 3
 As for the quantity of heroin involved in relevant conduct, see U.S.S.G. § 1B1.3, the district court relied on the testimony of one of Casale's and appellant's customers. This witness essentially stated that he had purchased from eight to ten bags of heroin per week for a period of two months in early 1990; he also had bought an additional ten bags in March when he went to Massachusetts with Casale and appellant. The court established that the total amount of heroin for purposes of related conduct was 4.44 grams.[1] Added to the 5.75 grams involved in the offense conduct, the court concluded that the total quantity of heroin for purposes of determining Casale's base offense level was 10.19 grams.
 
 
 4
 Accordingly, the district court found that Casale's base offense level was 16. The court then lowered it two levels for acceptance of responsibility. With a criminal history category of III, the sentencing table provided for a range of 21 to 27 months imprisonment. The court sentenced Casale to a term of 27 months incarceration and a term of supervised release of five years.
 
 
 5
 In determining the quantity of heroin, the district court rejected the information contained in the PSR that Casale and appellant had made "numerous" trips to Massachusetts where they had bought at least 750 grams of heroin. This figure was based on an estimate that Casale and appellant purchased 500 bags of heroin a week for twenty-five weeks. The court also determined that the testimony of the chief probation officer for the district of Maine was not supported by a preponderance of evidence. This witness had never interviewed appellant, but testified as to certain matters contained in appellant's PSR. Specifically, the probation officer who prepared the PSR had asked appellant whether he thought that he and Casale had sold 750 grams of heroin. According to the chief probation officer, appellant replied that this figure could be correct.
 
 
 6
 The district court held appellant's sentencing hearing on January 3, 1991. At this time, the probation officer who had prepared appellant's PSR testified. As for the conversation with appellant alluded to in Casale's sentencing hearing, the probation officer stated that he had asked appellant "if the amount of heroin of 750 grams was correct." Appellant responded by saying "that's quite likely." Although the probation officer testified that he had tried to press appellant to become more specific, appellant only would reiterate that the 750 gram figure was "quite likely."
 
 
 7
 Based on this evidence, the district court accepted the conclusion in the PSR that appellant and Casale had indeed purchased 500 bags of heroin per week for 25 weeks. Accordingly, it stated that "there is more than an adequate record to find by a preponderance of the evidence that 750 grams is the amount that was actually involved in the related conduct that is properly to be taken into account in determining the base offense level." The court then expressed concern about the sharp variance with the finding that Casale's related conduct only included 10.19 grams of heroin. Nonetheless, because the government had failed to produce the probation officer who had prepared appellant's PSR, the court stated, the figure of 10.19 grams had been properly based on the record then before it. The court concluded, however, that it was locked into finding that the total quantity of heroin for establishing appellant's base offense level was over 750 grams. This resulted in an offense level of 30-fourteen levels higher than Casale's level of 16.
 
 
 8
 The court reduced appellant's base offense level by two levels for acceptance of responsibility. With appellant's criminal history category of II, the applicable guideline range provided for 87 to 108 months imprisonment. Concerned about the obvious disparity in sentencing created by this finding, the court stated that there was good reason, under U.S.S.G. § 5K2.0 and 18 U.S.C. § 3553(b), to justify a downward departure. The court, believing that appellant should not be sentenced to a longer term of imprisonment than Casale, then sentenced appellant to 27 months imprisonment with a supervised release term of five years.
 
 
 9
 The government appealed. We affirmed appellant's conviction but remanded for resentencing within the "applicable guideline range." United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir.), cert. denied, 112 S. Ct. 441 (1991). We found that there were no valid grounds for the district court's departure. Specifically, we held that "a perceived need to equalize sentencing outcomes for similarly situated codefendants, without more, will not permit a departure from a properly calculated guideline sentencing range." Id. at 1448 (emphasis added). On remand, the district court sentenced appellant to 87 months imprisonment. This appeal ensued.
 
 
 10
 Appellant raises two issues. First, he asserts that the PSR incorrectly calculated the quantity of heroin attributed to appellant for the purpose of establishing relevant conduct. Particularly, appellant claims that he was out of the country for at least two weeks in February, a fact which the probation officer acknowledged in his response to appellant's objection to the PSR. Thus, he asserts, the district court should not have attributed to him 1,000 bags of heroin. Appellant also avers that the 750 gram figure was exaggerated and without sufficient support.
 
 
 11
 Second, appellant claims that the district court could not make findings of fact in appellant's case that were different than the ones the court had made at Casale's sentencing. Appellant relies on the doctrine of collateral estoppel for the proposition that the court was barred from recalculating the amount of heroin involved in the conspiracy.
 
 
 12
 We believe that both of these arguments are foreclosed by the "law of the case" doctrine.
 
 
 13
 Under law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.
 
 
 14
 Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d 243, 250 (D.C. Cir. 1987).
 
 
 15
 That is, "[w]hen a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand." 1B J. Moore, J. Lucas & T. Currier, Moore's Federal Practice p 0.404 (2d ed. 1992) (footnote omitted). This rule applies to all issues disposed of by the appellate court-those decided explicitly as well as issues that were decided by necessary implication. Knotts v. United States, 893 F.2d 758, 761 (5th Cir. 1990); Mirchandani v. United States, 836 F.2d 1223, 1225 (9th Cir. 1988). By remanding for resentencing within the "properly calculated" guideline, we made an implicit finding that the district court had correctly determined that appellant's base offense level was 30. Thus, we also implicitly held that for purposes of establishing the amount of heroin involved in relevant conduct, 750 grams was supported by a preponderance of the evidence.
 
 
 16
 "Failure to challenge our decision in the proper manner bound the district court to our instructions on remand.... " United States v. DeJesus, 752 F.2d 640, 643 (1st Cir. 1985) (per curiam). There is no question that as appellee in the first appeal, appellant could have advanced any arguments in support of the judgment. See 15A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3904 (2d ed. 1992). Indeed, we have held that "[i]t is not open to question that an appellee ... should, in supporting a judgment below, challenge any finding or conclusion or absence thereof that [appellee] deems error as revealed by the record." Raxton Corp. v. Anania Associates, Inc., 668 F.2d 622, 624 (1st Cir. 1982) (emphasis added).
 
 
 17
 Of course, law of the case doctrine is not inflexible. The general rule allows for departure in exceptional circumstances. "[I]ssues, once decided, should not be reopened 'unless the evidence [in] a subsequent [proceeding] was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice.' " United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir.) (quoting White v. Murtha, 377 F.2d 428, 432 (5th Cir. 1967)), cert. denied, 112 S. Ct. 184 (1991).
 
 
 18
 Plainly, none of these circumstances apply in this case. Because the district court had determined that 750 grams of cocaine was the correct figure for relevant conduct purposes, and because appellant apparently never challenged that finding, it became established as "the law of the case." As a result, appellant has lost the right to challenge this question, as well as the question of collateral estoppel, in this appeal. We add that, after examining the record, we have no reason to believe that the appellant would succeed with his claims on their merits.
 
 
 19
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The court used the figure of 8 bags per week for 8 weeks, plus the 10 bags this witness purchased in March. Thus, at .06 grams per bag and 74 bags, the total amount of heroin was 4.44 grams