USCA1 Opinion

 

 United States Court of Appeals For the First Circuit ____________________ No. 95-1824 UNITED STATES OF AMERICA, Appellee, v. RIGOBERTO LANTIGUA-BONILLA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Carmen Consuelo Cerezo, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Coffin, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Peter John Porrata for appellant. __________________ Epifanio Morales-Cruz, Assistant United States Attorney, ______________________ with whom Guillermo Gil, United States Attorney, and Jose A. _____________ ________ Quiles Espinosa, Senior Litigation Counsel, were on brief for ________________ appellee. ____________________ May 20, 1996 ___________________ Per Curiam. Defendant-appellant Rigoberto Lantigua-Bonilla __________ seeks return on constitutional grounds of some $80,000 forfeited to the government as part of his plea agreement. Because appellant is a fugitive who has failed to comply with the terms of his sentence, we exercise our discretion to dismiss his appeal. See Ortega-Rodriguez v. United States, 113 S. Ct. 1199, ___ ________________ _____________ 1203 (1993); Molinaro v. New Jersey, 396 U.S. 365, 365-66 (1970) ________ __________ (per curiam); United States v. Puzzanghera, 820 F.2d 25, 26 (1st ___ ______ _____________ ___________ Cir. 1987). The relevant facts are as follows. At our request following oral argument, the government submitted affidavits detailing the circumstances of appellant's fugitive status. These statements reported that the Metropolitan Detention Center (MDC) released appellant to the custody of the Immigration and Naturalization Service (INS) on July 25, 1995, upon completion of his term of confinement in the case now on appeal. MDC officials apparently had not received notification that sentencing of appellant was pending -- scheduled for August 31 -- in a separate criminal case. The INS released him on August 18. On August 31, 1995, after appellant failed to appear for the sentencing and his attorney advised the court that he did not know his client's whereabouts, a warrant was issued for appellant's arrest. On May 1, 1996, the U.S. Probation Office notified the district court that appellant was in violation of his supervised release conditions in this case, and requested that another warrant be issued for his arrest. -2- This case differs somewhat from prior cases in which we have dismissed an appeal based on an appellant's escape because, at the time of his erroneous release, appellant already had served the full term of imprisonment imposed in the case on appeal. And, his escape before sentencing in the separate criminal case does not provide a basis for dismissing this appeal. See Ortega- ___ _______ Rodriguez, 113 S. Ct. at 1209 (appellate sanction of dismissal _________ justified only if there is a "connection between fugitivity and the appellate process"); United States v. Anagnos, 853 F.2d 1, 2 _____________ _______ (1st Cir. 1988) (absconding before sentencing should affect consequences in the district court, not the appeals court). Appellant has not, however, completed his sentence in this case, which in addition to the prison term, included a two-year term of supervised release, a fine of $10,000 and a special monetary assessment of $75. He has paid the $75, but has not paid the fine and, as noted above, has not complied with the supervised release terms. Appellant thus has "flouted `the restraints placed upon him pursuant to the conviction,'" Puzzanghera, 820 F.2d at 27 (quoting Molinaro, 396 U.S. at 366), ___________ ________ and is in our view equally "disentitled" to call on the resources of the appeals court, id. at 26, as a defendant who escapes to ___ avoid further custody. Accordingly, this appeal is dismissed. _________ -3-