**UNITED STATES, Appellee,**

v.

**Tony Allen LEAVITT,
Defendant, Appellant.**

**No. 90–1597.**

United States Court of Appeals,
First Circuit.

Heard Dec. 3, 1990.

Decided Feb. 11, 1991.

Judith H. Mizner, Newburyport, Mass., for defendant, appellant.

Margaret D. McGaughey, Asst. U.S. Atty., Portland, Me., with whom Richard S. Cohen, U.S. Atty., Augusta, Me., was on brief, for appellee.

Before BREYER, Chief Judge, ALDRICH and COFFIN, Senior Circuit Judges.

BREYER, Chief Judge.

After Tony Allen Leavitt pleaded guilty to a drug crime, *see* 21 U.S.C. § 841(a)(1), the district court departed downward from what it considered the applicable Guideline sentence (168–210 months), *see* United States Sentencing Commission, *Guidelines Manual* § 4B1.1 (Nov.1989) ("career offender" guideline), and sentenced him to a prison term of ninety months. Leavitt now appeals, claiming that the court made a legal mistake when it classified one of his

54.32

prior convictions—a conviction for "High and Aggravated Oral Threatening"—as a conviction for a "crime of violence." If Leavitt is right, he was not a "career offender" for sentencing purposes. *See* U.S.S.G. § 4B1.1 (defining "career offender" as one with two prior convictions for crimes of violence or drug-related crimes). And, the Guidelines would have called for a sentence well below ninety months.

The Government points out that Leavitt did not make this argument in the district court; hence, under normal procedural principles, he has waived his right to make it here. *See United States v. LaGuardia,* 902 F.2d 1010, 1012–13 (1st Cir.1990). Leavitt responds that circumstances here are special. His argument, for example, is purely legal; and the sentencing differences are so great as to bring about a serious miscarriage of justice if he is legally right. *See id.* at 1013. Moreover, the Guidelines still are relatively new; and this court has said that for that reason, at least for a time, it will tend to overlook a failure to make a Guideline-related argument in the court below. *See United States v. Plaza–Garcia,* 914 F.2d 345, 348 (1st Cir. 1990) ("relative novelty of the guidelines makes an unnoticed mistake understandable").

We shall assume, for the sake of argument, that this is an appropriate case to overlook a "waiver." *Cf. Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976) (court may "reserve[ ] difficult questions of ... jurisdiction when the case alternatively could be resolved on the merits in favor of the same party"). Still, Leavitt cannot prevail, for he is wrong on the merits.

The Guidelines define "crime of violence" in part as

> any offense under federal or state law ... that ... involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(1)(ii). The Guideline commentary adds that an offense is a crime of violence if "the conduct set forth in the count of which the defendant was convicted ..., by its nature, presented a serious *po-*

*tential risk of physical injury to another." Id.,* comment. (n. 2) (emphasis added). The Maine statute under which the appellant was convicted prohibited making any oral "threat to injure the person or property of any person...." Me.Rev.Stat.Ann. tit. 17, § 3701 (repealed May 1, 1976). The Maine indictment, in "the count of which he was convicted," charged the appellant with the following conduct:

> That on or about the twenty-seventh day of May 1975, in the City of Calais, County of Washington and State of Maine, the above named defendant Tony Allen Leavitt did then and there make and publish an oral communication containing a threat to injure the persons of two public officials in the lawful discharge of their official duties to wit: police officers David Johnson and Donald Mott, by then and there saying to the said police officers ..., "I'll kill you fucking guys if you come upstairs, I've got a loaded shotgun up here and I'll blow you fucking guys away," said threat being of high and aggravated nature.

The conduct charged in this indictment, in our view, "present[ed] a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(1)(ii). Whether or not Leavitt actually had a gun at the time, the conduct describes a situation in which officers, faced with such language, might have thought themselves in danger; and, consequently, Leavitt, an officer, or, perhaps, some other person, might have been hurt. *Cf. United States v. McVicar,* 907 F.2d 1, 2–3 (1st Cir.1990).

Leavitt points out that the Maine statute itself covers many circumstances, some where the risk of injury may be high and others (such as a threat to property) where it might be low. And, he argues that we should not look behind the statute to determine the specific circumstances. The Guidelines, however, specifically speak of looking at the "conduct set forth in the count of which the defendant was convicted...." U.S.S.G. § 4B1.2, comment. (n. 2). The Supreme Court has recently held in somewhat analogous circumstances (interpreting a sentence enhancement statute in

18 U.S.C. § 924(e)) that, when a statute's terms cover separate kinds of behavior only some of which involve the elements of a violent crime, the court should look beyond the words of the statute to the indictment (and perhaps to the jury instructions as well). *See Taylor v. United States,* —— U.S. ——, 110 S.Ct. 2143, 2160, 109 L.Ed.2d 607 (1990) (discussing "generic" burglary as a crime of violence). Moreover, the Court added, in a directly relevant footnote, that the "Government may ... present evidence of the defendant's actual prior criminal conduct, to increase his sentence ... under the Federal Sentencing Guidelines." *Id.* 110 S.Ct. at 2160 n. 10.

As we have noted above, once one examines the indictment, the conduct falls within the definition of "crime of violence," and the district court therefore properly considered the appellant a "career offender."

For the reasons stated, the judgment of the district court is

*Affirmed.*

COFFIN, Senior Circuit Judge, concurring.

I fully concur in my brother's analysis of the law in this case. I write separately only to register my abiding concern with the career offender provision of the sentencing guidelines. Although it seems clear that Leavitt's conviction for "Oral Threatening" is a "crime of violence" within the meaning of the guidelines, his criminal history does not reveal the kind of "career offender" that I believe should warrant an elevation of sentencing range from 27–33 months to 168–210 months. Both triggering offenses under the provision, an assault and battery and the oral threat conviction discussed here, occurred within two weeks of one another in 1975, when the defendant was only 21 years of age. In addition, the oral threat offense, while within the meaning of the guideline, punished just that—an *oral* threat—and the statute was repealed only a year after he committed the crime. It seems to me that removing all discretion from district judges in such cases substantially alters our notion of just punishment, both in abso-

lute terms and relative to that of other offenders.