**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mitchell Jerome ADKINS,
Defendant–Appellant.**

**No. 89–9005.**

United States Court of Appeals,
Eleventh Circuit.

May 14, 1992.

Bennett Willis, Jr., Macon, Ga. (Court-appointed), for defendant-appellant.

Harry J. Fox, Jr., Macon, Ga., for plaintiff-appellee.

Before COX and BIRCH, Circuit Judges, and ENGEL *, Senior Circuit Judge.

PER CURIAM:

Mitchell Jerome Adkins's sentence was enhanced because he was classified as a career offender under section 4B1.1 of the United States Sentencing Guidelines. He argues on this appeal that he was improperly classified as a career offender. We affirm.

I.

On September 25, 1989, Adkins was convicted after a jury trial of distributing a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1); unlawful acquisition of United States Department of Agriculture Food Stamp Coupons in violation of 7 U.S.C. § 2024(b); and unlawful redemption of United States Department of Agriculture Food Stamp Coupons in violation of 7 U.S.C. § 2024(c). Adkins was sentenced to a term of imprisonment of 210 months on November 29, 1989.

At sentencing, the court enhanced Adkins's sentence based on a presentence report classifying him as a career offender

---

* Honorable Albert J. Engel, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

under section 4B1.1 of the United States Sentencing Guidelines.[1] This determination was based upon two prior felony convictions: (1) resisting an officer with violence on December 12, 1981 and (2) possession of a controlled substance (cocaine) on June 14, 1989.

Adkins argues that possession of a controlled substance is not a controlled substance offense as defined in sections 4B1.1 and 4B1.2. The Government concedes the point but maintains that any reliance on the controlled substance conviction was harmless because Adkins had been convicted of yet another felony—possession of a firearm by a convicted felon—on March 11, 1986. The Government contends that this conviction coupled with Adkins's conviction for resisting an officer with violence merits Adkins's classification as a career offender.

## II.

The district court's determination that Adkins was a career offender is not erroneous if Adkins has two prior felony convictions for crimes of violence. The sole issue then is whether unlawful possession of a firearm by a convicted felon is a crime of violence for the purposes of section 4B1.1.[2]

This circuit recently addressed this very issue in *United States v. Stinson*, 943 F.2d 1268 (11th Cir.1991), and held that unlawful possession of a firearm by a convicted felon is a crime of violence for the purposes of section 4B1.1 because the offense by its nature presents a serious potential risk of injury.

We are aware that section 4B1.2 was amended effective November 1, 1991. Although the text of the guideline was not changed, the commentary to section 4B1.2 now provides that a " 'crime of violence' does *not* include the offense of unlawful

possession of a firearm by a felon." U.S.S.G. § 4B1.2, comment. (n. 2) (emphasis supplied).

Adkins argues that this change in commentary compels a result contrary to that reached in *Stinson*. This court addressed and rejected that argument in considering Stinson's Petition for Rehearing. *United States v. Stinson*, 957 F.2d 813 (11th Cir. 1992) (per curiam).

There being no question that Adkins has two prior felony convictions for crimes of violence, we find that the district court neither erred in classifying Adkins as a career offender nor in enhancing his sentence under the career offender provisions of the Sentencing Guidelines.

AFFIRMED.

---

1. U.S.S.G. § 4B1.1 provides that: "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

2. The Sentencing Guidelines define a "crime of violence" as:

any offense under federal or state law punishable by imprisonment for a term exceeding one year that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(1) (1989).