UNITED STATES of America, Appellee,

v.

Richard Harmon BELL, Defendant, Appellant.

No. 91–1965.

United States Court of Appeals,
First Circuit.

Heard May 5, 1992.

Decided June 10, 1992.

Sarah Jennings Hunt, for defendant, appellant.

F. Mark Terison, Asst. U.S. Atty., with whom Richard S. Cohen, U.S. Atty., was on brief, for appellee.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and FUSTE,* District Judge.

SELYA, Circuit Judge.

This is a case of first impression in this circuit. We hold that, where the offense of conviction is the offense of being a convicted felon in knowing possession of a firearm, the conviction is not for a "crime of violence" and that, therefore, the career offender provision of the federal sentencing guidelines does not apply. Hence, we vacate the defendant's sentence and remand for resentencing.

I. BACKGROUND

Defendant-appellant Richard Harmon Bell pleaded guilty to a charge of being a convicted felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (1988 & Supp. II 1990). At sentencing, the district court decided that Bell was a career offender within the meaning of U.S.S.G. § 4B1.1, a guideline which provides in relevant part:

> A defendant is career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (Nov.1990).[1] Inasmuch as the career offender provision mandated the routine use of criminal history category VI, the court, after adjusting Bell's offense level downward for acceptance of responsibility, see U.S.S.G. § 3E1.1, computed the guideline sentencing range at 292–365 months and sentenced Bell, as a career offender, to a prison term of slightly more than 30 years without possibility of parole.

---

* Of the District of Puerto Rico, sitting by designation.

1. The term "crime of violence" is defined in U.S.S.G. § 4B1.2 (Nov.1990). Except where otherwise indicated, all references to the sentencing guidelines are to the November 1990 version (in effect at the time of sentencing).

Had Bell not been sentenced as a career offender under section 4B1.1, the guideline sentencing range apparently would have been much lower and he would, in all probability, have been sentenced to 15 years in prison (the mandatory minimum sentence under the statute of conviction).

Bell concedes that he satisfies the first and third elements of section 4B1.1: he was "at least eighteen years old at the time of the instant offense" and he "has at least two prior felony convictions" for crimes of violence. His appeal is grounded solely on the contention that his case does not satisfy the second element because the offense of conviction cannot be considered "a crime of violence" for purposes of triggering the career offender guideline.[2]

## II. ANALYSIS

■ This appeal presents us with the logical corollary to our recent decision in *United States v. Doe*, 960 F.2d 221 (1st Cir.1992). Using a categorical approach to analyzing predicate offenses, we held in *Doe* that a conviction for being a felon in possession of a firearm could not be counted as one of the predicate felonies necessary for the enhancement of a defendant's sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *See Doe*, 960 F.2d at 225–226; *see also* U.S.S.G. § 4B1.4 (armed career criminal provision; implementing 18 U.S.C. § 924(e)). The definition of a "violent felony" for purposes of the Armed Career Criminal Act is the same in all material respects as the definition of a "crime of violence" for purposes of the sentencing guidelines' career offender provision. *Compare* 18 U.S.C. § 924(e)(2)(B) (defining "violent felony") *with* U.S.S.G. § 4B1.2 (defining "crime of violence").[3] Having recently decided in *Doe* that the crime of being a convicted felon in knowing possession of a firearm is not a "violent felony"

and hence cannot be counted as a predicate offense required for sentencing under the armed career criminal guideline, *Doe*, 960 F.2d at 226, we must now decide whether such a crime, freshly committed, is a "crime of violence" that can energize the career offender guideline.

### A.

The touchstone of our analysis is the Supreme Court's opinion in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *Taylor*, fairly read, dictates that a sentencing court, in determining whether a crime constitutes a violent felony under 18 U.S.C. § 924(e), should look at the crime categorically, that is, the sentencing court should "look only to the fact of conviction and the statutory definition of the ... offense," and not to the underlying circumstances. *Id.* 110 S.Ct. at 2160; *see also United States v. Harris*, 964 F.2d 1234, 1235 (1st Cir.1992) (discussing *Taylor*); *Doe*, 960 F.2d at 223–224; *United States v. Bregnard*, 951 F.2d 457, 459 (1st Cir.1991) (*Taylor*'s categorical approach should be applied to all "candidate" predicate crimes under 18 U.S.C. § 924(e)), *cert. denied*, —— U.S. ——, 112 S.Ct. 2939, 119 L.Ed.2d 564 (1992).

Since the case at bar has a slightly different focus than the *Taylor* case, we believe that careful parsing of the Court's opinion is helpful. *Taylor* involved the government's attempt to use an earlier conviction for burglary as a predicate for an enhancement under the Armed Career Criminal Act. The Court identified three reasons why consideration of prior offenses should normally be restricted to the parameters of the statute under which the offender had been convicted.[4] First, the lan-

---

**2.** The government agrees that, in Bell's case, the offense of conviction is not "a controlled substance offense" within the meaning of U.S.S.G. § 4B1.1.

**3.** The relevant language in both 18 U.S.C. § 924(e)(2)(B) and U.S.S.G. § 4B1.2 defines violent felony and crime of violence, respectively, as any crime which "has as an element the use, attempted use, or threatened use of physical

force against the person of another" or which "presents a serious potential risk of physical injury to another."

**4.** The *Taylor* Court mentioned a possible exception to this categorical approach "where a single statutory provision defines several different crimes." *Doe*, 960 F.2d at 224 (explaining *Taylor* exception to categorical approach); *see also*

guage of 18 U.S.C. § 924(e) "support[ed] the inference that Congress intended the sentencing court to look only to the fact that the defendant had been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor*, 110 S.Ct. at 2159. Second, the legislative history of the statute indicated that Congress itself had "generally [taken] a categorical approach to predicate offenses." *Id.* Third, "the practical difficulties and potential unfairness" of a fact-specific approach seemed "daunting." *Id.*

■ Although this appeal involves a sentence enhanced under U.S.S.G. § 4B1.1 rather than U.S.S.G. § 4B1.4, we believe that the two guideline provisions must be construed *in pari passu* and that, therefore, the Court's reasoning in *Taylor* is especially persuasive here. *Cf., e.g., United States v. Leavitt*, 925 F.2d 516, 517–18 (1st Cir.1991) (drawing an analogy between the Court's analysis of predicate offenses in *Taylor* and a proposed method of analysis of predicate offenses under the career offender guideline). We conclude, for essentially the same reasons that led the *Taylor* Court to circumscribe the definition of "violent felony" under 18 U.S.C. § 924(e), that the Sentencing Commission intended courts to adopt a categorical approach in the definition of "crime of violence" under the career offender guideline. Not only does section 4B1.2 employ exactly the same language that *Taylor* relied on to justify an inference that a categorical approach was intended, but the wording of the relevant commentary strongly suggests the Commission's preference for a categorical approach to the application of the career offender guideline. *See* U.S.S.G. § 4B1.2, comment. (n. 2) (further defining a crime of violence as an offense where "the conduct set forth *in the count of which the defendant was convicted ... by its na-*

*ture*, presented a serious potential risk of physical injury to another") (emphasis supplied).

### B.

To be sure, this case is different than *Taylor* and *Doe* in one salient respect: it involves the use (or non-use) of a contemporaneous conviction to trigger an enhancement, whereas *Taylor* and *Doe* both involved enhancements based upon the historical record of enumerated predicate offenses. Not surprisingly, then, the government argues that a fact-specific approach is appropriate here because, when the offense of conviction is itself in question, the details of the conviction and the case's factual trappings are before, and within the ken of, the sentencing court. In contrast, focusing on the fact pattern of a "candidate" predicate offense, perhaps committed long before and-or adjudicated in a different jurisdiction, would involve the sentencing court in the judicial equivalent of an archaeological dig.

The government's position is not without some superficial appeal. At bottom, however, the asseveration blunts only the third prong of the *Taylor* rationale. The first two prongs—the main ones, we believe—remain fully intact. Moreover, adopting the government's view would create a weird asymmetry, leaving courts to apply an inconsistent rule of construction that would allow identical "felon in possession" cases to be treated in diametrically opposite ways: the same crime, if committed contemporaneously, could be considered a crime of violence for purposes of triggering an enhancement; but if committed in the past, could not be considered a crime of violence for predicate offense purposes. We are hard pressed to believe that either Congress or the Sentencing Commission wished to foster so bizarre an anomaly.[5]

---

*Harris,* 964 F.2d at 1235–36. The exception, however, is irrelevant for purposes of this case.

**5.** Although the circuits are split on whether a categorical approach is required in career offender cases, *compare, e.g., United States v. Cornelius,* 931 F.2d 490, 493 (8th Cir.1991) (court may look at underlying facts to determine

whether felon-in-possession is crime of violence for purposes of career offender guideline), *with, e.g., United States v. Shano,* 955 F.2d 291, 295 (5th Cir.) *(contra), cert. denied,* — U.S. —, 112 S.Ct. 1520, 118 L.Ed.2d 201 (1992), only the Tenth Circuit treats felon-in-possession more harshly as a triggering offense than as a "candi-

For these reasons, and fully cognizant that the circuits are divided, we hold that, for the purpose of sentencing under the career offender guideline, as for the purpose of sentencing under the armed career criminal guideline, the district court is limited to a categorical examination of the offense of conviction (subject, however, to the narrow exception recognized in *Taylor*, *see supra* note 4). *Accord United States v. Shano*, 955 F.2d 291, 295 (5th Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 1520, 118 L.Ed.2d 201 (1992); *United States v. Johnson*, 953 F.2d 110, 113–14 (4th Cir.1992); *cf. Leavitt*, 925 F.2d at 517–18 (in examining "candidate" predicate offense under career offender guideline, sentencing court may look to indictment where the statute of conviction "covers many circumstances, some where the risk of injury may be high and others ... where it might be low"). *But see United States v. Cornelius*, 931 F.2d 490, 493 (8th Cir.1991); *United States v. McNeal*, 900 F.2d 119, 123 (7th Cir.1990).

### C.

Having determined that we must follow a categorical approach, *Doe* speeds us on our way.[6] In *Doe*, we examined whether, categorically speaking, a conviction for being a felon in possession of a firearm could be considered to "present[ ] a serious potential risk of physical injury to another" within the ambit of 18 U.S.C. § 924(e)(2)(B).[7] In concluding that it could not, we observed that many, if not most, of the ways in which a felon could possess a firearm "do not involve [the] likely accompanying violence" required by the literal language of the enhancement statute. *Doe*, 960 F.2d at 225. We further observed that a broader reading of the statutory language would bring within it a myriad of crimes which were clearly not intended to be considered violent felonies. *Id.* We

then remarked that state statutes defining similar terms did not usually include felon-in-possession charges within their scope. *Id.* at 225. Finally, we examined the similarity in language between the definition of a crime of violence under the career offender guideline and the statutory definition of a violent felony, remarking that the Sentencing Commission's 1991 commentary clarified the intended application of the guideline by specifically exempting the offense of being a felon in possession of a firearm from the "crime of violence" definition under U.S.S.G. § 4B1.2 (and thus, under U.S.S.G. § 4B1.1). *Doe*, 960 F.2d at 225.

We think the first three of these reasons are entitled to at least equal weight in the case at hand. The fourth reason, involving the Sentencing Commission's commentary, takes on added cogency here, for this case, unlike *Doe*, directly implicates the career offender guideline. Of course, as the government is quick to point out, the change in the commentary occurred after Bell had been sentenced. Thus, the change is not controlling *stricto senso*. *See United States v. Phillips*, 952 F.2d 591, 594 (1st Cir.1991). But in *Doe*, the defendant was also sentenced before the change in the commentary emerged, and we nevertheless found the Commission's emergent views worthy of weight and consideration. *Doe*, 960 F.2d at 225. Logic demands that we treat those views as even more persuasive in a case like this one, where the career offender guideline itself is actually at issue. *See United States v. Fitzhugh*, 954 F.2d 253, 255 (5th Cir.1992) (post-sentencing change in U.S.S.G. § 4B1.2 commentary serves merely to clarify guideline and should, therefore, be considered in evaluating earlier career offender sentence); *Johnson*, 953 F.2d at 113 (similar; post-sentencing change in U.S.S.G. § 4B1.2 com-

---

date" predicate offense. *See United States v. Walker*, 930 F.2d 789, 793–95 (10th Cir.1991) (for purposes of career offender guideline, when examining predicate offenses, court may look only to elements of crime as charged, but when examining current offense, court may look to actual conduct of defendant). With respect, we cannot subscribe to such a double standard.

**6.** In fairness to the court below, we note that Bell was sentenced before this court decided *Doe*.

**7.** It must be remembered that U.S.S.G. § 4B1.2 uses language identical to this language in defining "crime of violence."

mentary ought to "be accorded substantial weight"); *see generally United States v. Weston*, 960 F.2d 212, 218 (1st Cir.1992) ("While the application notes and commentary [to the federal sentencing guidelines] do not possess the force of law, they are important interpretive aids, entitled to considerable respect."); *United States v. Ruiz–Batista*, 956 F.2d 351, 353–54 (1st Cir.1992) (sentencing court may take into account changes to guideline commentary made after the commission of the offense of conviction so long as the changes serve only to clarify the proper application of the guideline), *petition for cert. filed*, — U.S.L.W. —— (U.S. Apr. 20, 1992) (No. 91–8005). *But see United States v. Stinson*, 957 F.2d 813, 815 (11th Cir.1992) (per curiam) ("We decline to be bound by the change in section 4B1.2's commentary until Congress amends section 4B1.2's language to exclude specifically the possession of a firearm by a felon as a 'crime of violence.' ").[8]

In harmony with *Doe*, and employing the categorical approach that *Taylor* advances, we rule that being a felon in possession of a firearm is not a crime of violence for the purpose of the career offender guideline. *Accord Shano*, 955 F.2d at 295; *Fitzhugh*, 954 F.2d at 255; *Johnson*, 953 F.2d at 115. *But see United States v. Adkins*, 961 F.2d 173, 174 (11th Cir.1992) (per curiam) (felon in possession is per se crime of violence for purpose of career offender guideline); *Cornelius*, 931 F.2d at 493 (applying fact-specific approach to hold that felon in possession is crime of violence under career offender guideline); *McNeal*, 900 F.2d at 123 (felon in possession is crime of violence for purpose of career offender guideline where defendant actually fired the weapon).

## III. CONCLUSION

We need go no further. Since the instant offense of conviction was not a "crime of violence," Bell was not a career offender within the purview of U.S.S.G. § 4B1.1. Therefore, he was improperly

8. In *Doe*, this court specifically refused to follow the decision in *Stinson*. *See Doe*, 960 F.2d

sentenced. Accordingly, we vacate his sentence and remand to the district court for resentencing.

*So Ordered.*