USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 93-1237 UNITED STATES OF AMERICA, Appellee, v. GERALD CONNELL, Defendant, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ _________________________ Before Selya, Circuit Judge, _____________ Aldrich and Coffin, Senior Circuit Judges. _____________________ _________________________ Arthur W. Tifford for appellant. _________________ Craig N. Moore, Assistant United States Attorney, with whom ______________ Edwin J. Gale, United States Attorney, and Stephanie S. Browne, ______________ ___________________ Assistant United States Attorney, were on brief, for the United States. _________________________ October 6, 1993 _________________________ SELYA, Circuit Judge. This appeal, in which we are SELYA, Circuit Judge. _____________ asked to review the district court's denial of a motion to reconsider a sentence previously imposed, presents yet another permutation of an existing application of the "law of the case" doctrine. For the reasons limned herein, we affirm the district court's order. I. BACKGROUND I. BACKGROUND Defendant-appellant Gerald Connell pleaded guilty to an information that charged him with structuring cash transactions to avoid certain reporting requirements. See 31 U.S.C. 5313, ___ 5324 (1988). At a sentencing hearing held on June 26, 1991, the district court imposed a prison sentence (thirty months) that fell within the guideline sentencing range (GSR), fixed a supervised release period, fined Connell $15,000, and directed him to pay the costs of his forthcoming confinement at the rate of $1,415.56 per month. Connell appealed, complaining that his offense level had been improperly constituted, thereby inflating the GSR. We affirmed the sentence, see United States v. Connell, 960 F.2d 191 ___ _____________ _______ (1st Cir. 1992), but with the proviso that the district court, on remand, nevertheless might consider whether an intervening change in the sentencing guidelines warranted adjustment of the sentence. See id. at 199.1 ___ ___ ____________________ 1The revision to the guidelines involved the number of levels that should be added to a defendant's base offense level in a case where, as here, criminally derived funds were knowingly laundered. The extent, timing, and effect of the revision are explained in our earlier opinion, see Connell, 960 F.2d at 197, ___ _______ 2 After the case returned to the district court, defendant sought an adjustment of sentence based on the changed guideline and also moved for reconsideration of the $15,000 fine. The court heard oral argument on May 7, 1992. It issued an order on that date recomputing the GSR in line with the revised guideline and reducing Connell's prison term to twenty-seven months, but leaving the fine intact. The cost-of-confinement portion of the sentence remained unchallenged and unchanged (except that the court's estimate of overall cost was lowered to reflect the three-month decrease in the term of immurement). An amended judgment was entered on or about May 28, 1992. Connell appealed from the order and judgment, but let the appeal slide. The amended judgment thus became final. Some seven months later, Connell shifted gears. He retained new counsel and filed a further motion for reconsideration of sentence in which he raised, for the first time, a complaint about the cost-of-confinement order.2 The district court denied the motion.3 This appeal followed. ____________________ and we will not rehearse those details here. 2Connell filed this motion in the district court on November 24, 1992, and filed an amended motion on December 23, 1992. For ease in reference, we treat these pleadings as a single motion, sometimes styled the "December 1992 motion for reconsideration." 3Although the government has not raised the point, we question whether the district court, so long after the appeal period expired, had jurisdiction to entertain Connell's motion for reconsideration. See United States v. Miller, 869 F.2d 1418, ___ _____________ ______ 1421 (10th Cir. 1989) (ruling that the district court lacked jurisdiction to entertain a motion to reconsider in a criminal case where defendant filed the motion twenty-one months after the date on which the appeal period [10 days] began to run); United ______ 3 II. DISCUSSION II. DISCUSSION Connell appeals the denial of his December 1992 motion for reconsideration, sounding two variations on a single theme: that U.S.S.G. 5E1.2(i), which provides for cost-of-confinement orders in certain criminal cases,4 is unconstitutional or, alternatively, is in excess of the Sentencing Commission's statutory powers. Although the challenge itself is not frivolous, compare, e.g., United States v. Spiropoulos, 976 F.2d _______ ____ ______________ ___________ 155, 165-69 (3d Cir. 1992) (striking down the imposition of a cost-of-confinement order on similar grounds) with, e.g., United ____ ____ ______ States v. Turner, ___ F.2d ___, ___ (7th Cir. 1993) [No. 93-1148, ______ ______ ____________________ States v. Cook, 670 F.2d 46, 48 (5th Cir.) (holding that the ______ ____ district court lacked jurisdiction to entertain a motion for rehearing filed fifty-seven days after the entry of final judgment in a criminal case), cert. denied, 456 U.S. 982 (1982). _____ ______ We need not probe the point, however, for it is settled that an appellate court may forego the resolution of a jurisdictional question if, as is true here, the appeal is uncomplicated and easily resolved in favor of the party to whose benefit the jurisdictional question would redound. See Norton v. Mathews, ___ ______ _______ 427 U.S. 524, 532 (1976); Secretary of the Navy v. Avrech, 418 _____________________ ______ U.S. 676, 677-78 (1974) (per curiam); cf. United States v. ___ ______________ Leavitt, 925 F.2d 516, 517 (1st Cir. 1991) (stating that a court _______ may overlook waiver of an issue by a criminal defendant so long as resolution on the merits will favor the same party as would a disposition premised on waiver). 4The guideline provides in pertinent part: Notwithstanding the provisions of subsection (c) [the fine table] of this section, but subject to the provisions of subsection (f) [discussing the defendant's ability to pay] . . . , the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered. U.S.S.G. 5E1.2(i). 4 1993 U.S. App. LEXIS 17472 at *3-*7] (upholding a cost-of- confinement order against a similar challenge) and United States ___ _____________ v. Hagmann, 950 F.2d 175, 187 (5th Cir. 1991) (same), cert. _______ _____ denied, 113 S. Ct. 108 (1992); see also United States v. ______ ___ ____ ______________ Carrozza, ___ F.2d ___, ___ (1st Cir. 1993) [No. 92-1798, slip ________ op. at 34-37] (leaving question open), Connell has failed properly to preserve it in the circumstances of this case. This case is analogous in factual profile and legal stance to United States v. Bell, 988 F.2d 247 (1st Cir. 1993) ______________ ____ (Bell II). Bell originally challenged his sentence as a career _______ offender under the sentencing guidelines, contending that the offense of conviction being a felon in possession of a firearm was not a crime of violence. See id. at 249; United States v. ___ ___ _____________ Bell, 966 F.2d 703, 704 (1st Cir. 1992) (Bell I). Bell contended ____ ______ that he should have been sentenced instead under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(e)(1)(1988). See Bell II, ___ _______ 988 F.2d at 249; Bell I, 966 F.2d at 704. We sustained Bell's ______ appeal, holding "that, where the offense of conviction is the offense of being a convicted felon in knowing possession of a firearm, the conviction is not for a `crime of violence' and that, therefore, the career offender provision of the federal sentencing guidelines does not apply." Bell I, 966 F.2d at 703. _______ Hence, we vacated Bell's sentence and remanded for resentencing in light of our opinion. See id. at 707. ___ ___ At the resumed sentencing hearing, Bell for the first time sought to challenge the validity of his prior convictions 5 and, through that medium, his ACCA status. The district court ruled that the objection was untimely and sentenced Bell as an armed career criminal. See Bell II, 988 F.2d at 249-50. We ___ ________ affirmed the district court's decision to deny reconsideration of the second, delinquent, challenge. See id. at 252. ___ ___ The lesson of the Bell cases is as clear as their ____ namesake: [A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date. Id. at 250. This lesson embodies a rather straightforward ___ application of the law of the case doctrine a doctrine that is rooted in an array of prudential considerations: "stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." United States v. Rivera-Martinez, 931 F.2d ______________ _______________ 148, 151 (1st Cir.), cert. denied, 112 S. Ct. 184 (1991). That _____ ______ is to say, law-of-the-case rules afford courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated. See 18 Charles A. Wright et al., Federal ___ _______ Practice & Procedure 4478 at 603 (Supp. 1993). In the ______________________ interests of both consistency and judicial economy, therefore, litigants should not ordinarily be allowed to take serial bites 6 at the appellate apple. See, e.g., United States v. Rosen, 929 ___ ____ ______________ _____ F.2d 839, 842 n.5 (1st Cir.), cert. denied, 112 S. Ct. 77 (1991); _____ ______ United States v. DeJesus, 752 F.2d 640, 642-43 (1st Cir. 1985); _____________ _______ White v. Murtha, 377 F.2d 428, 431 (5th Cir. 1967); see also _____ ______ ___ ____ Williamsburg Wax Museum, Inc. v. Historic Figures, Inc., 810 F.2d _____________________________ ______________________ 243, 250 (D.C. Cir. 1987) (stating that a legal decision made at one stage of litigation becomes the law of the case for subsequent stages of litigation if the opportunity for challenging the decision in an earlier appeal existed and went unexploited). We think it follows that when a trial court, on remand, seeks to dispose of a case in accordance with an appellate court's mandate, it "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." United States v. ______________ Kikumura, 947 F.2d 72, 76 (3d Cir. 1991) (citation and internal ________ quotation marks omitted). Because the mandate serves as a limitation on the power of the trial court, the issues that remain open on remand frequently will be circumscribed by the earlier appeal and by the appellate court's disposition of the issues therein. See Rivera-Martinez, 931 F.2d at 150-51; United ___ _______________ ______ States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992). ______ _________ The case before us is governed by these rules. In 1991, the district court invoked U.S.S.G. 5E1.2(i) and sentenced Connell, inter alia, to pay the costs of his _____ ____ confinement. Connell appealed his sentence, but eschewed any 7 challenge to the cost-of-confinement order. Having foregone that opportunity, Connell could not thereafter insist that the district court exceed the limited scope of our remand in order to revisit a settled issue. In this case, moreover, Connell defaulted not once, but twice. As we have indicated, he did not challenge the cost-of- confinement order on his direct appeal. He then compounded his difficulties by omitting any reference to the order in the proceedings that immediately followed our remand. His afterthought request for reconsideration, occurring, as it did, some seven months after the district court had fulfilled its mission on remand and well beyond the expiration of the appeal period in respect to the revised sentence came too late. See, ___ e.g., United States v. Ramirez, 954 F.2d 1035, 1038 (5th Cir.) ____ _____________ _______ (holding that, in order to be timely, a criminal defendant's motion for reconsideration must be filed within the ten-day time period allotted for appeal), cert. denied, 112 S.Ct. 3010 ____ ______ (1992); see also United States v. Miller, 869 F.2d 1418, 1421 ___ ____ _____________ ______ (10th Cir. 1989); United States v. Cook, 670 F.2d 46, 48 (5th _____________ ____ Cir.), cert. denied, 456 U.S. 982 (1982). After all, if Connell, ____ ______ having initially conceded the cost-of-confinement issue, could not have raised it when the district court, on remand, undertook its reconsideration of the incarcera- tive portion of his sentence, see Bell II, 988 F.2d at 250, then he clearly had no ___ _______ right to raise the issue after the revised sentence had become final. Cf., e.g., Witty v. Dukakis, ___ F.2d ___, ___ (1st Cir. ___ ____ _____ _______ 8 1993) [No. 93-1238, slip op. at 7] ("A party confronted by a set period for taking an action cannot allow the time to lapse and then resurrect his rights merely by asking the court to reconsider or to confirm what the court has already done."). To be sure, neither the law of the case doctrine nor its kissing cousin, the so-called "mandate rule," is designed to function as a straitjacket. Rather, these are discretion-guiding principles, generally thought to be subject to exceptions in the interests of justice.5 See Bell II, 988 F.2d at 251 (collecting ___ _______ cases). But, the exceptions are narrowly configured and seldom invoked, and this case has none of the requisite earmarks: no new evidence has been unearthed, no controlling precedent has emerged suddenly, the motion for reconsideration contained no suggestion that Connell lacks the means to pay the cost-of- commitment impost, the delay in raising the point is unexcused and seems excessive, and, most importantly, we are unpersuaded that the "decision was clearly erroneous and would work a manifest injustice." Rivera- Martinez, 931 F.2d at 151 (quoting ________________ White, 377 F.2d at 432). Given these circumstances, and mindful _____ of the substantial latitude retained by the district court in deciding whether to rethink matters previously set to rest, see ___ United States v. Roberts, 978 F.2d 17, 20-21 (1st Cir. 1992), we _____________ _______ cannot say that the court below abused its discretion in denying ____________________ 5Although it is not altogether clear that a trial court on a limited remand may exceed, for whatever reason, the scope of the appellate court's mandate, see Bell II, 988 F.2d at 251 n.2, we ___ _______ assume arguendo, favorably to Connell, that such power exists. ________ 9 Connell's belated motion for reconsideration of this aspect of his sentence. III. CONCLUSION III. CONCLUSION We need go no further.6 Courts can only function under the aegis of rules and parties who ignore the rules do so at their peril. See, e.g., Puleio v. Vose, 830 F.2d 1197, 1203 ___ ____ ______ ____ (1st Cir. 1987) ("The law ministers to the vigilant not to those who sleep upon perceptible rights."), cert. denied, 485 U.S. 990 _____ ______ (1988). So it is here: appellant, having failed to challenge the cost-of-confinement order in a timeous manner, must bear the predictable consequences of his neglect. On the facts of this case, we discern no injustice in holding appellant to the usual raise-or-waive standard. Affirmed. Affirmed. _________ ____________________ 6Citing a November 1992 amendment to U.S.S.G. 3E1.1, Connell's December 1992 motion for reconsideration also asserted an entitlement to a more extravagant credit for acceptance of responsibility. The district court hewed to the original two- level decrease for acceptance of responsibility because it did not believe that the 1992 amendment could be applied retroactively. This court later reached the same conclusion in an unrelated case. See United States v. Desouza, 995 F.2d 323, ___ _____________ _______ 324 (1st Cir. 1993) (per curiam). In light of Desouza, _______ appellant's counsel abandoned this issue at oral argument. 10