[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-1677

UNITED STATES,

Appellee,

v.

JAMES RAYMOND WALKER, JR.,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

---

Before

Stahl, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

---

Jeffrey Silverstein and Billings & Silverstein on brief for appellant.
Jay P. McCloskey, United States Attorney, and Margaret D. McGaughey, Appellate Chief, on brief for appellee.

---

January 26, 2001

---

**Per Curiam**.  On December 5, 2000, this court directed the parties to submit supplemental briefing on the issue of whether the lower court committed plain error when it used a base offense level of 37 to compute appellant James Raymond Walker, Jr.'s ("Walker's") sentence.  The court has received the parties supplemental briefs, and we are in accordance with the parties' joint recommendation that the case be remanded for re-sentencing.

Section 4B1.1 of the U.S. Sentencing Guidelines sets a defendant's base offense level by reference to the "offense statutory maximum" for any underlying crimes of violence for which the defendant was convicted.  See U.S.S.G. § 4B1.1(A) at app. note 2.  Two of the crimes of violence for which Walker was convicted (the robberies) each carried maximum terms of imprisonment of 20 years, and the third crime of violence (use of a firearm during a crime of violence) carried a maximum term of imprisonment of seven years (consecutive).  Possession of a firearm by a convicted felon (Count VI), which in Walker's case did carry the possibility of a life sentence, is not a crime of violence for purposes of section 4B1.1.  See United States v. Bell,

966 F.2d 703, 707 (1st Cir. 1992). The base offense level for an offense carrying a statutory maximum of 20 years or more, but less than 25 years, is 32. U.S.S.G. § 4B1.1(C). Thus, under the career offender guideline, Walker's offense level would have been 32, not 37 as determined by the sentencing court.

But Walker also was an armed career criminal because he was subject to the enhanced sentence under 18 U.S.C. § 924(e), so U.S.S.G. § 4B1.4 is relevant here, too. Section 4B1.4 provides that where a defendant is an armed career criminal, his offense level is the greatest of: 1) the offense level applicable under chapters two and three of the sentencing guidelines (in this case, 29), 2) the offense level for a career offender (in this case, 32), or 3) 34, if, like Walker, the defendant used or possessed the firearm in connection with a crime of violence. U.S.S.G. § 4B1.4(b)(1) - (3). The greatest of these is 34, so Walker's base offense level should have been 34. After a reduction for acceptance of responsibility and assignment of a Criminal History Category of VI, see U.S.S.G. § 4B1.4(c)(2), the applicable sentencing range should have been 188 to 235 months.

This court may reverse for plain error affecting substantial rights.   See Fed. R. Crim. P. 52(b); <u>United States v. Olivier-Diaz</u>, 13 F.3d 1, 5 (1st Cir. 1993).   The sentence Walker received was 27 months longer than the top of the applicable sentencing guideline range, so we conclude that plain error is present here. We vacate the judgment of the district court and remand for re-sentencing in accordance with this opinion.   The question originally briefed by the parties – whether the prior crimes of violence were "related" for purposes of section 4B1.1 – is rendered moot, since both the base offense level and Criminal History Category are to be determined by section 4B1.4 instead.

<u>Judgment vacated and matter remanded for re-sentencing.</u>