# United States Court of Appeals
## For the First Circuit

No. 04-1506

UNITED STATES OF AMERICA,

Appellee,

v.

ALVIN JACKSON,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Circuit Judge,

Campbell, Senior Circuit Judge,

and Howard, Circuit Judge.

Holly T. Smith for appellant.
Margaret D. McGaughey, Appellate Chief, with whom Paula D.
Silsby, United States Attorney, was on brief, for appellee.

June 2, 2005

**CAMPBELL**, **Senior Circuit Judge**.  The defendant appeals from his sentence, arguing, _inter alia_, that the sentencing court erroneously relied on police reports in determining whether he pled guilty to a prior "crime of violence" qualifying for sentencing enhancement under the career offender guideline, U.S.S.G. § 4B1.1. This appeal was briefed and argued shortly before the Supreme Court handed down its decision in _Shepard_ v. _United States_, 125 S. Ct. 1254 (2005), holding that a sentencing court may not look to police reports for this purpose.[1]  Recognizing that a decision in _Shepard_ was imminent and would be relevant, this court withheld any disposition pending the issuance of _Shepard_.  Now that that case has been decided, we vacate the district court's sentence and remand to it for resentencing in light of _Shepard_.

**So ordered**.

---

[1]In _Shepard_, the Supreme Court considered whether the defendant's prior burglary conviction constituted a "violent felony" under 18 U.S.C. § 924(e)(1), a provision of the Armed Career Criminal Act (ACCA).  The § 924(e)(1) definition of "violent felony" is "the same in all material respects" as the U.S.S.G. § 4B1.1 definition of a "crime of violence." _United States_ v. _Bell_, 966 F.2d 703, 704 (1st Cir. 1992).  Given the similarity, "we look generally to cases pertaining to either provision 'to elucidate the nature of the categorical inquiry.'" _United States_ v. _Delgado_, 288 F.3d 49, 53 n.5 (1st Cir. 2002).