**UNITED STATES of America, Appellee,**

v.

**Gerald CONNELL, Defendant, Appellant.**

**No. 93–1237.**

United States Court of Appeals,
First Circuit.

Heard Sept. 8, 1993.

Decided Oct. 6, 1993.

Arthur W. Tifford, Miami, FL, for appellant.

Craig N. Moore, Asst. U.S. Atty., with whom Edwin J. Gale, U.S. Atty., and Stephanie S. Browne, Asst. U.S. Atty., Providence, RI, were on brief, for U.S.

Before SELYA, Circuit Judge, ALDRICH and COFFIN, Senior Circuit Judges.

SELYA, Circuit Judge.

This appeal, in which we are asked to review the district court's denial of a motion to reconsider a sentence previously imposed, presents yet another permutation of an existing application of the "law of the case" doctrine. For the reasons limned herein, we affirm the district court's order.

## I. BACKGROUND

Defendant-appellant Gerald Connell pleaded guilty to an information that charged him with structuring cash transactions to avoid certain reporting requirements. *See* 31 U.S.C. §§ 5313, 5324 (1988). At a sentencing hearing held on June 26, 1991, the district court imposed a prison sentence (thirty months) that fell within the guideline sentencing range (GSR), fixed a supervised release period, fined Connell $15,000, and directed him to pay the costs of his forthcoming confinement at the rate of $1,415.56 per month.

Connell appealed, complaining that his offense level had been improperly constituted, thereby inflating the GSR. We affirmed the sentence, *see United States v. Connell*, 960 F.2d 191 (1st Cir.1992), but with the proviso that the district court, on remand, nevertheless might consider whether an intervening change in the sentencing guidelines warranted adjustment of the sentence. *See id.* at 199.[1]

1. The revision to the guidelines involved the number of levels that should be added to a defen-

After the case returned to the district court, defendant sought an adjustment of sentence based on the changed guideline and also moved for reconsideration of the $15,000 fine. The court heard oral argument on May 7, 1992. It issued an order on that date recomputing the GSR in line with the revised guideline and reducing Connell's prison term to twenty-seven months, but leaving the fine intact. The cost-of-confinement portion of the sentence remained unchallenged and unchanged (except that the court's estimate of overall cost was lowered to reflect the three-month decrease in the term of immurement). An amended judgment was entered on or about May 28, 1992. Connell appealed from the order and judgment, but let the appeal slide. The amended judgment thus became final.

Some seven months later, Connell shifted gears. He retained new counsel and filed a further motion for reconsideration of sentence in which he raised, for the first time, a complaint about the cost-of-confinement order.[2] The district court denied the motion.[3] This appeal followed.

## II. DISCUSSION

■ Connell appeals the denial of his December 1992 motion for reconsideration,

sounding two variations on a single theme: that U.S.S.G. § 5E1.2(i), which provides for cost-of-confinement orders in certain criminal cases,[4] is unconstitutional or, alternatively, is in excess of the Sentencing Commission's statutory powers. Although the challenge itself is not frivolous, *compare, e.g., United States v. Spiropoulos,* 976 F.2d 155, 165–69 (3d Cir.1992) (striking down the imposition of a cost-of-confinement order on similar grounds) *with, e.g., United States v. Turner,* 998 F.2d 534, 536–538 (7th Cir.1993) (upholding a cost-of-confinement order against a similar challenge) *and United States v. Hagmann,* 950 F.2d 175, 187 (5th Cir.1991) (same), *cert. denied,* —— U.S. ——, 113 S.Ct. 108, 121 L.Ed.2d 66 (1992); *see also United States v. Carrozza,* 4 F.3d 70, 83 (1st Cir. 1993) (leaving question open), Connell has failed properly to preserve it in the circumstances of this case.

This case is analogous in factual profile and legal stance to *United States v. Bell,* 988 F.2d 247 (1st Cir.1993) *(Bell II ).* Bell originally challenged his sentence as a career offender under the sentencing guidelines, contending that the offense of conviction—

---

dant's base offense level in a case where, as here, criminally derived funds were knowingly laundered. The extent, timing, and effect of the revision are explained in our earlier opinion, *see Connell,* 960 F.2d at 197, and we will not rehearse those details here.

**2.** Connell filed this motion in the district court on November 24, 1992, and filed an amended motion on December 23, 1992. For ease in reference, we treat these pleadings as a single motion, sometimes styled the "December 1992 motion for reconsideration."

**3.** Although the government has not raised the point, we question whether the district court, so long after the appeal period expired, had jurisdiction to entertain Connell's motion for reconsideration. *See United States v. Miller,* 869 F.2d 1418, 1421 (10th Cir.1989) (ruling that the district court lacked jurisdiction to entertain a motion to reconsider in a criminal case where defendant filed the motion twenty-one months after the date on which the appeal period [10 days] began to run); *United States v. Cook,* 670 F.2d 46, 48 (5th Cir.) (holding that the district court lacked jurisdiction to entertain a motion for rehearing filed fifty-seven days after the entry of final judgment in a criminal case), *cert. denied,*

456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982). We need not probe the point, however, for it is settled that an appellate court may forego the resolution of a jurisdictional question if, as is true here, the appeal is uncomplicated and easily resolved in favor of the party to whose benefit the jurisdictional question would redound. *See Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976); *Secretary of the Navy v. Avrech,* 418 U.S. 676, 677–78, 94 S.Ct. 3039, 3039–40, 41 L.Ed.2d 1033 (1974) (per curiam); *cf. United States v. Leavitt,* 925 F.2d 516, 517 (1st Cir.1991) (stating that a court may overlook waiver of an issue by a criminal defendant so long as resolution on the merits will favor the same party as would a disposition premised on waiver).

**4.** The guideline provides in pertinent part:

Notwithstanding the provisions of subsection (c) [the fine table] of this section, but subject to the provisions of subsection (f) [discussing the defendant's ability to pay] ..., the court shall impose an additional fine amount that is at least sufficient to pay the costs to the government of any imprisonment, probation, or supervised release ordered.

U.S.S.G. § 5E1.2(i).

being a felon in possession of a firearm—was not a crime of violence. *See id.* at 249; *United States v. Bell,* 966 F.2d 703, 704 (1st Cir.1992) (*Bell I* ). Bell contended that he should have been sentenced instead under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1) (1988). *See Bell II,* 988 F.2d at 249; *Bell I,* 966 F.2d at 704. We sustained Bell's appeal, holding "that, where the offense of conviction is the offense of being a convicted felon in knowing possession of a firearm, the conviction is not for a 'crime of violence' and that, therefore, the career offender provision of the federal sentencing guidelines does not apply." *Bell I,* 966 F.2d at 703. Hence, we vacated Bell's sentence and remanded for resentencing in light of our opinion. *See id.* at 707.

At the resumed sentencing hearing, Bell for the first time sought to challenge the validity of his prior convictions and, through that medium, his ACCA status. The district court ruled that the objection was untimely and sentenced Bell as an armed career criminal. *See Bell II,* 988 F.2d at 249–50. We affirmed the district court's decision to deny reconsideration of the second, delinquent, challenge. *See id.* at 252.

■ The lesson of the *Bell* cases is as clear as their namesake:

[A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.

*Id.* at 250. This lesson embodies a rather straightforward application of the law of the case doctrine—a doctrine that is rooted in an array of prudential considerations: "stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *United States v. Rivera–Martinez,* 931 F.2d 148, 151 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 184, 116 L.Ed.2d 145 (1991). That is to say, law-of-the-case rules afford courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated. *See* 18 Charles A. Wright et al., *Federal Practice & Procedure* § 4478 at 603 (Supp.1993). In the interests of both consistency and judicial economy, therefore, litigants should not ordinarily be allowed to take serial bites at the appellate apple. *See, e.g., United States v. Rosen,* 929 F.2d 839, 842 n. 5 (1st Cir.), *cert. denied,* — U.S. —, 112 S.Ct. 77, 116 L.Ed.2d 51 (1991); *United States v. DeJesus,* 752 F.2d 640, 642–43 (1st Cir.1985); *White v. Murtha,* 377 F.2d 428, 431 (5th Cir.1967); *·see also Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243, 250 (D.C.Cir.1987) (stating that a legal decision made at one stage of litigation becomes the law of the case for subsequent stages of litigation if the opportunity for challenging the decision in an earlier appeal existed and went unexploited).

■ We think it follows that when a trial court, on remand, seeks to dispose of a case in accordance with an appellate court's mandate, it "must implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *United States v. Kikumura,* 947 F.2d 72, 76 (3d Cir.1991) (citation and internal quotation marks omitted). Because the mandate serves as a limitation on the power of the trial court, the issues that remain open on remand frequently will be circumscribed by the earlier appeal and by the appellate court's disposition of the issues therein. *See Rivera–Martinez,* 931 F.2d at 150–51; *United States v. Cornelius,* 968 F.2d 703, 705 (8th Cir.1992).

The case before us is governed by these rules. In 1991, the district court invoked U.S.S.G. § 5E1.2(i) and sentenced Connell, *inter alia,* to pay the costs of his confinement. Connell appealed his sentence, but eschewed any challenge to the cost-of-confinement order. Having foregone that opportunity, Connell could not thereafter insist that the district court exceed the limited scope of our remand in order to revisit a settled issue.

In this case, moreover, Connell defaulted not once, but twice. As we have indicated, he did not challenge the cost-of-confinement order on his direct appeal. He then compounded his difficulties by omitting any reference to the order in the proceedings that immediately followed our remand. His afterthought request for reconsideration, occurring, as it did, some seven months after the district court had fulfilled its mission on remand—and well beyond the expiration of the appeal period in respect to the revised sentence—came too late. *See, e.g., United States v. Ramirez*, 954 F.2d 1035, 1038 (5th Cir.) (holding that, in order to be timely, a criminal defendant's motion for reconsideration must be filed within the ten-day time period allotted for appeal), *cert. denied*, —— U.S. ——, 112 S.Ct. 3010, 120 L.Ed.2d 884 (1992); *see also United States v. Miller*, 869 F.2d 1418, 1421 (10th Cir.1989); *United States v. Cook*, 670 F.2d 46, 48 (5th Cir.), *cert. denied*, 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982). After all, if Connell, having initially conceded the cost-of-confinement issue, could not have raised it when the district court, on remand, undertook its reconsideration of the incarcerative portion of his sentence, *see Bell II*, 988 F.2d at 250, then he clearly had no right to raise the issue after the revised sentence had become final. *Cf., e.g., Witty v. Dukakis*, 3 F.3d 517, 520 (1st Cir.1993) ("A party confronted by a set period for taking an action cannot allow the time to lapse and then resurrect his rights merely by asking the court to reconsider or to confirm what the court has already done.").

▮ To be sure, neither the law of the case doctrine nor its kissing cousin, the so-called "mandate rule," is designed to function as a straitjacket. Rather, these are discretion-guiding principles, generally thought to be subject to exceptions in the interests of justice.[5] *See Bell II*, 988 F.2d at 251 (collecting cases). But, the exceptions are narrowly configured and seldom invoked, and this case has none of the requisite earmarks: no new evidence has been unearthed, no controlling precedent has emerged suddenly, the motion for reconsideration contained no suggestion that Connell lacks the means to pay the cost-of-commitment impost, the delay in raising the point is unexcused and seems excessive, and, most importantly, we are unpersuaded that the "decision was clearly erroneous and would work a manifest injustice." *Rivera–Martinez*, 931 F.2d at 151 (quoting *White*, 377 F.2d at 432). Given these circumstances, and mindful of the substantial latitude retained by the district court in deciding whether to rethink matters previously set to rest, *see United States v. Roberts*, 978 F.2d 17, 20–21 (1st Cir.1992), we cannot say that the court below abused its discretion in denying Connell's belated motion for reconsideration of this aspect of his sentence.

## III. CONCLUSION

We need go no further.[6] Courts can only function under the aegis of rules—and parties who ignore the rules do so at their peril. *See, e.g., Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987) ("The law ministers to the vigilant not to those who sleep upon perceptible rights."), *cert. denied*, 485 U.S. 990, 108 S.Ct. 1297, 99 L.Ed.2d 506 (1988). So it is here: appellant, having failed to challenge the cost-of-confinement order in a timeous manner, must bear the predictable consequences of his neglect. On the facts of this case, we discern no injustice in holding appellant to the usual raise-or-waive standard.

***Affirmed.***

---

5. Although it is not altogether clear that a trial court on a limited remand may exceed, for whatever reason, the scope of the appellate court's mandate, *see Bell II*, 988 F.2d at 251 n. 2, we assume *arguendo*, favorably to Connell, that such power exists.

6. Citing a November 1992 amendment to .U.S.S.G. § 3E1.1, Connell's December 1992 motion for reconsideration also asserted an entitlement to a more extravagant credit for acceptance of responsibility. The district court hewed to the original two-level decrease for acceptance of responsibility because it did not believe that the 1992 amendment could be applied retroactively. This court later reached the same conclusion in an unrelated case. *See United States v. Desouza*, 995 F.2d 323, 324 (1st Cir.1993) (per curiam). In light of *Desouza*, appellant's counsel abandoned this issue at oral argument.