21 F.3d 420
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Ellerton P. WHITNEY, III, Defendant, Appellant.
 No. 93-1494
 United States Court of Appeals,
First Circuit.
 March 28, 1994
 
 Appeal from the United States District Court for the District of New Hampshire [Hon. Shane Devine, U.S. District Judge ]
 Ellerton P. Whitney, III on brief pro se.
 Peter S. Papps, United States Attorney, and Nancy E. Hart, Assistant United States Attorney, on brief pro se.
 D.N.H.
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 Before Breyer, Chief Judge, Torruella and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 In 1991, defendant Ellerton Whitney was convicted on four counts of defrauding a bank, in violation of 18 U.S.C. Sec. 1344, and on seventeen additional counts of making false statements on bank loan applications, in violation of 18 U.S.C. Sec. 1014. He received a prison term of thirty-six months. On appeal, we affirmed his convictions but remanded for resentencing because of an acknowledged ex post facto violation in the application of the sentencing guidelines. United States v. Whitney, 991 F.2d 786 (1st Cir. 1993) (per curiam) (table). Defendant was thereafter resentenced to a prison term of twenty-seven months. He again appeals (this time on a pro se basis),[1] advancing some fourteen challenges to his new sentence and his underlying convictions. With one minor exception, we find each of his arguments unpersuasive.
 
 
 2
 I. Issues Barred on "Law of the Case" Grounds
 
 
 3
 The first six issues proffered by defendant involve substantive challenges to his convictions. These reduce to three separate allegations: (1) that his absence from the "charge conference" requires a new trial; (2) that numerous counts in the indictment were multiplicitous; and (3) that the evidence at trial revealed allegedly fraudulent loans at variance with those charged in the indictment. We decline to consider each of these allegations under the law of the case doctrine.
 
 
 4
 In the earlier appeal, the multiplicity and variance issues were specifically raised and specifically rejected by this court. As we explained in United States v. Rivera-Martinez, 931 F.2d 148, 150 (1st Cir.), cert. denied, 112 S. Ct. 184 (1991), "a decision of an appellate tribunal on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation in the nisi prius court, and thereafter on any further appeal." Defendant has pointed to no "exceptional circumstances," id. at 151, that would warrant disregarding this rule here. In turn, the "charge conference" issue, although not raised in the earlier appeal, is subject to the same disposition.
 
 
 5
 [A] legal decision made at one stage of a civil or criminal case, unchallenged in a subsequent appeal despite the existence of ample opportunity to do so, becomes the law of the case for future stages of the same litigation, and the aggrieved party is deemed to have forfeited any right to challenge that particular decision at a subsequent date.
 
 
 6
 United States v. Bell, 988 F.2d 247, 250 (1st Cir. 1993); accord, e.g., United States v. Connell, 6 F.3d 27, 30-31 (1st Cir. 1993). Again, no exceptional circumstances are apparent.[2]
 
 
 7
 The district court properly confined the proceedings on remand to the scope of our mandate. Defendant's present attempt to "take serial bites at the appellate apple," id. at 30, must necessarily fail.[3]
 
 II. Calculation of Loss
 
 8
 By aggregating the total amount of funds loaned to defendant, the presentence report calculated that the three banks in question sustained losses in excess of $2 million. Defendant's attorney disputed this finding below on the ground that it failed to account for some $500,000 in collateral which had been recovered. The district court sustained this objection and determined that the losses in question, for purposes of U.S.S.G. Sec. 2F1.1(b), exceeded $1 million but were less than $2 million.[4]
 
 
 9
 Defendant advances two challenges to this finding. First, in a reprise of his variance argument, he contends that the three loans charged in the indictment actually consisted of some seven or more, and that the jury permissibly could have convicted him on only a portion thereof (totalling less than $1,000,000). This argument need not be pursued at any length. To the extent defendant alleges improper variance or seeks to challenge the evidentiary sufficiency of his convictions, we decline to address such contentions for the reasons just cited. The guidelines state that, for purposes of Sec. 2F1.1(b)(1), "the loss need not be determined with precision." U.S.S.G. Sec. 2F1.1, comment. (n.8). Especially considering that additional losses resulted from uncharged conduct that was part of a common scheme or plan, and so was properly admissible in this context, see U.S.S.G. Sec. 1B1.3(a)(2), we find no error in the court's determination.
 
 
 10
 Second, defendant contends that he should not be held accountable for the full extent of the banks' losses, inasmuch as other factors-such as dereliction on the part of banking personnel-contributed thereto. Yet the loss table in Sec. 2F1.1 "presumes that the defendant alone is responsible for the entire amount of victim loss specified in the particular loss range selected by the sentencing court." United States v. Gregorio, 956 F.2d 341, 347 (1st Cir. 1992). To the extent that such amount is thought to overstate the seriousness of a defendant's offense for reasons of "multiple causation," the appropriate remedy is for the court in its discretion to effect a downward departure. See, e.g., United States v. Brandon,
 
 
 11
 F.3d, No. 92-1447, slip op. at 111 n. 83 (1st Cir. 1994) ("The Guidelines treat multiple causation only as a possible ground for downward departure-a matter within the sound discretion of the sentencing court."); United States v. Johnson, F.3d, n. 7 (3d Cir. 1994); United States v. Shattuck, 961 F.2d 1012, 1017 (1st Cir. 1992); Gregorio, 956 F.2d at 347; U.S.S.G. Sec. 2F1.1, comment. (n.11) (1988); id., comment. (n.7(b)) (1992).
 
 
 12
 The court here declined to depart downward on this basis. It is apparent (and defendant does not dispute) that the court so decided as a matter of discretion, rather than out of any mistaken perception that it lacked the power to do so. Its decision in this regard is therefore not appealable. See, e.g., United States v. McAndrews, 12 F.3d 273, 276 (1st Cir. 1993); United States v. Soltero-Lopez, 11 F.3d 18, 20 (1st Cir. 1993).
 
 
 13
 III. Other Issues Concerning Refusal to Depart
 
 
 14
 In a series of arguments imbued with a distinct "kitchen sink" quality, defendant argues that the court erred in failing to depart downward on account of his age, education, vocational skills, employment, family and community ties, rehabilitation and poverty. No extended discussion of these points is necessary. Under U.S.S.G. Sec. 5H1, the first five factors are "not ordinarily relevant" in determining whether a downward departure is warranted. See, e.g., United States v. Rivera,
 
 
 15
 994 F.2d 942, 948 (1st Cir. 1993) (discussing "discouraged departures"). Defendant suggests that the district court thought itself precluded from even considering a departure on these grounds. To the contrary, it is clear that the court simply concluded that such factors were not "present in a manner that is unusual or special." Id. As to the latter two factors, we need not decide the extent, if any, to which they might provide a basis for a downward departure. Here as well, it is apparent that the court found that a departure was unwarranted as a matter of discretion. As a result, each of defendant's arguments in this regard is likewise unappealable. We might add that defendant has pointed to no personal circumstances that would suggest his case is in any way exceptional.[5]
 
 IV. Restitution
 
 16
 The district court ordered that defendant pay a total of $197,000 to the three banks in question. Defendant now argues that such order was unsupported by the evidence on record, was unaccompanied by requisite findings of fact, and was barred by reason of his indigency. Except in one minor respect, we find no error.
 
 
 17
 In determining whether to order restitution and the amount thereof, a sentencing court must "consider the amount of the loss sustained by any victim as a result of the offense, the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. Sec. 3664(a). Defendant's first argument, which apparently contests the district court's calculation as to the "amount of the loss," can be summarily rejected. This "fact-intensive" determination is reviewed "only for clear error." United States v. Savoie, 985 F.2d 612, 617 (1st Cir. 1993). No such error occurred here; as mentioned above, the court supportably found that the actual losses were well in excess of $197,000.
 
 
 18
 Our decision in Savoie also disposes of defendant's second argument. We there stated that the sentencing judge "need not make open-court findings on the statutory factors when issuing a restitution order so long as the record on appeal reveals that the judge made implicit findings or otherwise adequately evinced his consideration of those factors." Id. at 618. The record here makes clear that the court duly considered the statutory factors. They were examined at trial (over which the sentencing judge presided), were discussed in detail in the presentence report, and were thereafter argued at some length at the resentencing hearing.[6]
 
 
 19
 Defendant's third argument is likewise unavailing. As evidenced by Sec. 3664(a)' § reference to "earning ability," it has been widely held that "indigency is not a bar to an order of restitution." United States v. Purther, 823 F.2d 965, 970 (6th Cir. 1987); accord, e.g., Brandon, supra, slip op. at 116-17. The record here is replete with evidence of defendant's professional accomplishments and business acumen; he himself spoke of his "entrepreneurial enthusiasm" at resentencing. Resent. Tr. at 18. On the basis thereof, the court supportably found that defendant's future earning potential was sufficient to warrant a substantial order of restitution-notwithstanding his current financial plight.[7]
 
 
 20
 Our one disagreement is with the fact that the court ordered that restitution be paid "immediately." Because it is undisputed that defendant is presently indigent and is thus unable to comply with such a directive, we think the court inadvertently abused its discretion to this limited extent.[8] See, e.g., United States v. Ramilo, 986 F.2d 333, 335 (9th Cir. 1993) (restitution order "must be based on some evidence the defendant may be able to pay the amount fixed when required to do so"); United States v. Clark, 901 F.2d 855, 857 (10th Cir. 1990) (vacating restitution order requiring immediate payment on this basis). We therefore shall remand so that an appropriate payment schedule may be established. The court at that time may also set a date for the resumption of defendant's service of his prison term.
 
 
 21
 That part of the restitution order requiring immediate payment is vacated, the judgment is otherwise affirmed, and the case is remanded for the limited purpose of establishing an appropriate schedule for the payment of restitution.
 
 
 
 [1]
 At trial, defendant chose to conduct his own defense, with counsel appearing on a standby basis. He handed over the reins to his counsel for purposes of the first sentencing proceeding and the first appeal. Similarly, defendant was represented by counsel at the resentencing proceeding (although he was there afforded wide latitude to argue on his own behalf). He has now again opted for pro se status
 
 
 [2]
 Defendant's standby counsel did attend the conference. The court noted for the record that defendant "was expressly invited to participate in that conference but elected not to do so." And defendant voiced no objection below to his absence
 
 
 [3]
 Defendant's attempt to revive his multiplicity claim in the guise of a sentencing issue-by challenging the imposition of $1050 in special assessments-is inventive but unavailing. The only sentencing calculation involved therein was the multiplication of $50 by the number of counts on which he was convicted (21)
 
 
 [4]
 This yielded a 9-level addition to the base offense level of 6. After adding two levels for more than minimal planning, see Sec. 2F1.1(b)(2), and declining to add two levels for obstruction of justice, the court arrived at an offense level of 17. With a criminal history category of I, defendant was therefore subject to a sentencing range of 24 to 30 months. The court selected a prison term in the middle of this range
 
 
 [5]
 We likewise reject two collateral arguments advanced by defendant in this regard. First, he contends that a remand for resentencing is necessary because of the allegedly "new rule" that was later announced in Rivera. Yet the "modification" that we there adopted pertains only to our standard of review. See 994 F.2d at 950-51
 Second, defendant argues that the policy statements in Sec. 5H1.1-.6 contravene the statutory directive in 28 U.S.C. Sec. 994(d) and are therefore invalid. In particular, pointing to Sec. 994(d)'s reference to "establishing categories of defendants," he suggests that this provision was not meant to discourage reliance on such factors in individual cases. This argument not only overlooks 28 U.S.C. Sec. 994(e), see, e.g., United States v. Mondello, 927 F.2d 1463, 1470 (9th Cir. 1991) ("Commission's decision to deem the six factors 'not ordinarily relevant' to departure determinations accords fully with Congress' expression in ... Sec. 994(e) ... of the 'general inappropriateness' of considering them in sentencing"), but is otherwise meritless, see, e.g., United States v. Jones, F.3d, 1994 WL 61035, at * 4 (4th Cir. 1994) ("the legislative mandate [in Sec. 994(d) ] is clear and the Commissionhas complied with that mandate").
 
 
 [6]
 In a related argument, defendant also complains of the court's failure to provide reasons for its decision to impose a prison term of twenty-seven months. He relies on 18 U.S.C. Sec. 3553(c)(1), which provides that, if (among other conditions) the applicable sentencing range "exceeds 24 months," the court must explain its reasons "for imposing a sentence at a particular point within the range."
 Defendant misinterprets this provision. An expression of reasons is required under Sec. 3553(c)(1)-not when the high end of the range exceeds 24 months, nor when the actual sentence exceeds that duration-but rather when "the width of the guideline range (i.e., the difference between the high and low ends of the range)" does so. United States v. Thomas, F.3d, 1994 WL 67986, at * 9 n. 2 (8th Cir. 1994) (en banc); accord, e.g., United States v. Upshaw, 918 F.2d 789, 792 (9th Cir. 1990), cert. denied, 499 U.S. 930 (1991). As the applicable range here (24 to 30 months) spanned only six months, Sec. 3553(c)(1) is inapplicable.
 
 
 [7]
 Pointing out that no restitution had been imposed at his initial sentencing, defendant also charges that the court acted in a vindictive manner. We find this contention groundless. It suffices to note that, whereas the court had ordered that defendant be detained pending his initial appeal, the court this time around has released him on bail (over the government's objection)
 
 
 [8]
 The district court can hardly be faulted in this regard, inasmuch as defendant voiced no such objection following entry of the restitution order. Defendant did, however, advert to the point earlier in his lengthy allocution. In turn, while he has not raised this matter directly on appeal, defendant has made passing reference thereto in his brief. Especially considering his pro se status, we deem the issue properly before us