30 F.3d 126
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Jose Fufi SANTORI, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 94-1162
 United States Court of Appeals,
First Circuit.
 June 28, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Juan M. Perez-Gimenez, U.S. District Judge ]
 Celso E. Lopez on brief for appellant.
 Guillermo Gil, United States Attorney, and Maria Hortensia Rios Gandara, Assistant United States Attorney, on brief for appellee.
 D Puerto Rico
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Jose Santori, a natural born citizen of the United States, appeals the dismissal by the United States District Court for the District of Puerto Rico of his request (1) for a declaratory judgment that he has the right to renounce his United States citizenship before any federal court and become a non-citizen national of the United States and a citizen only of Puerto Rico; (2) that the court set a date on which he can renounce his United States citizenship; and (3) that, insofar as the Immigration and Naturalization Act [INA], 8 U.S.C. Sec. 1101 et seq., prevents any citizen from renouncing his citizenship and becoming a non- citizen national, the court declare the INA unconstitutional.
 
 
 2
 The district court dismissed this case for lack of subject-matter jurisdiction. The Article III issues involved raise interesting questions, but we are entitled to affirm the dismissal on the ground that no substantial question is presented on the merits despite jurisdictional doubts, see United States v. Connell, 6 F.3d 27, 29 (1st Cir. 1993) (citing cases), and choose to do so in this case. Congress has broad authority over conditions and procedures for obtaining and renouncing citizenship, see Davis v. District Director, INS, 481 F. Supp. 1178, 1183-84 n. 8 (D.D.C. 1979), and Santori has provided us with no authority nor any reasoned argument to suggest that it has exceeded the constitutional limits by refusing to afford him the option he seeks, namely, to renounce his United States citizenship while remaining a national of this country.
 
 
 3
 Affirmed. See 1st Cir. Loc. R. 27.1.