46 F.3d 1114
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Ambrose L. DEVANEY, Defendant, Appellant.
 No. 94-2064.
 United States Court of Appeals,
First Circuit.
 Feb. 9, 1995.
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. William G. Young, U.S. District Judge ]
 Ambrose L. Devaney on brief pro se.
 Donald K. Stern, United States Attorney, and Victor A. Wild, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and STAHL, Circuit Judge.
 PER CURIAM.
 
 
 1
 During the pendency of the direct appeal of his conviction and sentence for conspiracy, bank fraud and money laundering, Ambrose Devaney filed pro se a motion for discovery and a motion to compel service in the district court. Although "[a]s a general rule with only limited exceptions, entry of a notice of appeal divests the district court of jurisdiction to adjudicate any matters related to the appeal," United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987) (citing cases), the district court denied both motions. In these circumstances, and because we find no substantial question presented by the pro se appeal, we consider the appeal and dismiss it on its merits. See United States v. Buckley, 847 F.2d 991, 993 n.1 (1st Cir. 1988) (allowing motion to consolidate a motion to vacate, set aside, or correct sentence with pending direct appeal), cert. denied, 488 U.S. 1015 (1989); United States v. Connell, 6 F.3d 27, 29 (1st Cir. 1993) (despite jurisdictional doubts, appellate court entitled to affirm dismissal on the ground that no substantial question is presented on the merits).
 
 
 2
 We have reviewed carefully the record in this case and the briefs of the parties. We find no abuse of discretion in the district court's denial of Devaney's discovery motion. See Buckley, 847 F.2d at 1003 (post judgment motion for discovery within discretion of district court).
 
 
 3
 Nor do we find any error in the court's denial of Devaney's motion to compel the government to serve him as a pro se litigant. Since Devaney was represented by counsel before the district court, his motion to compel service was an implicit request to proceed via "hybrid" representation. McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). Such a request lies in the discretion of the district court, United States v. Betancourt-Arretuche, 933 F.2d 89, 94 (1st Cir.), cert. denied, 502 U.S. 959 (1991), and we find no abuse of discretion in this case.
 
 
 4
 The denial of Devaney's pro se motions is affirmed. Devaney's motion filed in this court to compel service is denied. Devaney's motion to file a supplemental statement of issues is denied.