USCA1 Opinion

 

 NOT FOR PUBLICATION ___________________ UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-2090 JOSEPH GILBERTI, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Boudin, Circuit Judge, _____________ Gibson,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ ____________________ William J. Brown for petitioner. ________________ Kevin O'Regan, Assistant United States Attorney, with whom ______________ Donald K. Stern, United States Attorney, was on brief for the United _______________ States. ____________________ ____________________ ____________________ *Of the Eighth Circuit, sitting by designation. Per Curiam. Joseph Gilberti was convicted by a jury on ___________ two drug offense counts, 21 U.S.C. 841, 846, and, pursuant to a third count, a jury determined that his residence was subject to forfeit because used to facilitate Gilberti's possession of drugs with intent to distribute. 21 U.S.C. 853. This court affirmed and Gilberti chose not to seek certiorari although a number of co-defendants did so unsuccessfully.1 Instead, Gilberti filed a motion under 28 U.S.C. 2255 challenging the forfeiture. In a carefully considered opinion, the district court denied the motion. On appeal, Gilberti's argument is two-fold: that the joining of the substantive and forfeiture counts in one trial effectively prevented him from testifying on the forfeiture count, and that the forfeiture of the house based on a minimal connection with the drug transactions is a disproportionate penalty. The government has chosen to by- pass the issue whether section 2255 is an appropriate means to challenge a forfeiture judgment and we follow the same course. United States v. Connell, 6 F.3d 27, 29 n.3 (1st ______________ _______ Cir. 1993). We agree with the district court that Gilberti's first claim--that he was entitled to a separate hearing on the forfeiture so that he could testify solely on that issue--is  ____________________ 1United States v. Innamorati, 996 F.2d 456, 473 (1st ______________ __________ Cir. 1993), cert. denied, 114 S. Ct. 409, 459, 1072-73 (1993- ____ ______ 94). -2- -2- foreclosed. Gilberti was free to ask for bifurcation before his trial and did not do so. The point is not that error occurred but has been waived. Rather, nothing in the present circumstances made it error at all for the district court to try the counts together when the defendant made no objection to this course. See, e.g., United States v. Jenkins, 904 ___ ____ _____________ _______ F.2d 549, 557-58 (10th Cir.), cert. denied, 498 U.S. 962 ____________ (1990). Gilberti's brief suggests that the failure of his trial counsel to move for bifurcation may have amounted to ineffective assistance. We see no basis for this claim in the present record. There were potential tactical advantages to Gilberti in having the jury consider the entire case at once; and, given the weight of government evidence, defense counsel could reasonably have doubted that later denials by Gilberti himself would carry much weight. As for disproportion in the penalty, the Supreme Court has recently held that an excessive fines defense may be offered against forfeitures under the Eighth Amendment.2 But in this case Gilberti has forfeited a residence valued at $130,000 based on ample evidence that he had engaged in a substantial and ongoing drug conspiracy and made repeated use of his residence for storage, planning and transactions.  ____________________ 2Alexander v. United States, 113 S. Ct. 2766 (1993); _________ ______________ Austin v. United States, 113 S. Ct. 2801 (1993). ______ _____________ -3- -3- Considering that each substantive count carried a potential fine of $1 million--but no fines were imposed on Gilberti--we think that Gilberti has no colorable claim under the Eighth Amendment. Affirmed. _________ -4- -4-