USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1388 LONNIE BENEFIELD, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Stahl, Circuit Judges. ______________ ____________________ Lonnie Benefield on brief pro se. ________________ Donald K. Stern, United States Attorney, and Michael J. Pelgro, ________________ __________________ Assistant U.S. Attorney, on brief for appellee. ____________________ October 23, 1996 ____________________ Per Curiam. After careful review of the briefs and ___________ record, we conclude that the district court properly dismissed appellant's 2255 petition for the reasons stated in the order dated July 25, 1995, as amended March 29, 1996. We add only these comments. 1. Appellant's complaint regarding the lack of stated reasons for the 20-year sentence was not properly raised in his 2255 petition, as it was not raised on direct appeal. See Knight v. United States, 37 F.3d 769, 772-73 (1st Cir. ___ ______ _____________ 1994).  2. Appellant's complaints regarding the proceedings on remand from the direct appeal also did not present grounds for 2255 relief. The proceedings on remand were limited by the scope of the direct appeal, and appellant was not entitled to raise new objections at that stage. See United ___ ______ States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993); see also ______ _______ ________ Fed. R. Crim. P. 35(a)(1) & 43(c)(4). Appellant's complaint about the delay on remand is also without merit. See Fed. R. ___ Crim. P. 35(a)(1) (current version). 3. We do not address the argument raised in appellant's reply brief that the district court on remand failed to advise him of his right to appeal under Fed. R. Crim. P. 32(c)(5). That argument was neither presented below nor raised here in a timely fashion. See, e.g., Sandstrom v. ___ ____ _________ Chemlawn Corp., 904 F.2d 83, 86 (1st Cir. 1990) (arguments ______________ -2- not made to the district court or in the opening brief are waived).  Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-