101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Juan Moises PEREZ-MENDEZ, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 96-1561.
 United States Court of Appeals, First Circuit.
 Nov. 13, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Mary M. Lisi, U.S. District Judge ]
 Juan Moises Perez-Mendez on brief pro se.
 Sheldon Whitehouse, United States Attorney, Margaret E. Curran, Assistant U.S. Attorney, and James H. Leavey, Assistant U.S. Attorney, on Appellee's Motion to Dismiss For Failure to Obtain Certificate of Appealability and To Vacate the Order Requiring Appellee to File A Brief.
 D.R.I.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and STAHL, Circuit Judgesi
 PER CURIAM.
 
 
 1
 Upon careful review of petitioner's brief, the government's motion to dismiss, and the record, we conclude that the district court correctly denied petitioner's motion. For the reasons stated in the magistrate judge's report and recommendation, we agree that petitioner did not sustain his claim of ineffective assistance of counsel during sentencing. We add only these comments.
 
 
 2
 1. The government asserts that this appeal should be dismissed because petitioner has failed to obtain a certificate of appealability as required under the recent habeas amendments, the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (April 24, 1996). There is some uncertainty about the application of those amendments to this proceeding, but we need not resolve it here. The result of this appeal would be the same under any analysis: we would deny a certificate of appealability were one required, and we also have concluded that the district court order should be affirmed on the merits. Hence, we do not address the government's motion. See United States v. Connell, 6 F.3d 27, 29 n. 3 (1st Cir.1993) (forgoing resolution of a jurisdictional question where an uncomplicated appeal is easily resolved in favor of the party challenging jurisdiction).
 
 
 3
 2. For the first time in this appeal, petitioner contends that his attorney provided ineffective assistance by failing to appeal from the sentencing court's decision to accept certain facts stated in the presentence report. That issue was not mentioned in petitioner's § 2255 motion and was not ruled on by the district court, and so we will not consider it. See United States v. La Guardia, 902 F.2d 1010, 1013 (1st Cir.1990) (issues not raised below will be considered on appeal only in exceptional cases).
 
 
 4
 3. Similarly, we do not consider the new affidavit attached to petitioner's brief, because it was not presented to the district court.
 
 
 5
 For the foregoing reasons, we need not consider the government's motion to dismiss this appeal and to vacate a briefing order.
 
 
 6
 Affirmed. See 1st Cir. Loc. R. 27.1.