# United States Court of Appeals
## For the First Circuit

No. 17-1612

MS. M., individually and as parent and
legal guardian of O.M., a minor,

Plaintiff, Appellant,

v.

FALMOUTH SCHOOL DEPARTMENT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

Before

Lynch, Stahl, and Barron,
Circuit Judges.

Richard L. O'Meara and Murray, Plumb & Murray, on brief for
appellant.
Eric R. Herlan and Drummond Woodsum & MacMahon, on brief for
appellee.

November 13, 2017

**STAHL**, **Circuit Judge**. In this case, Ms. M., acting on behalf of her daughter O.M., brought suit against the Falmouth School Department ("Falmouth"), alleging that it failed to provide O.M. with a "free appropriate public education" ("FAPE") as guaranteed by the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. In an earlier decision, we held that Falmouth did not deny O.M. a FAPE and did not breach the terms of her individualized education program ("IEP"). M. v. Falmouth Sch. Dep't, 847 F.3d 19, 29 (1st Cir.), cert. denied, 583 U.S. __ (2017) ("Falmouth I"). We found that O.M.'s IEP did not require Falmouth to instruct O.M. using the Specialized Program Individualizing Reading Excellence ("SPIRE") system during her third-grade year and therefore reversed the district court's contrary determination and vacated the award of damages. Id.

After our decision in Falmouth I, Ms. M. returned to the district court and sought to amend her complaint, now claiming O.M.'s IEP was inappropriately designed because it did not include a structured reading program like the SPIRE system.[1] She had not

---

[1] At approximately the same time, Ms. M. petitioned the Supreme Court for a writ of certiorari to review our decision in Falmouth I. The Supreme Court denied her petition on October 2, 2017. M. v. Falmouth Sch. Dep't, 583 U.S. __ (U.S. Oct. 2, 2017) (16-1440).

included this claim in her district court complaint.[2]  The district court denied her motion to amend, concluding that our earlier decision "treated the dispute as ended, and that is law of the case."  M. v. Falmouth Sch. Dep't, No. 2:15-CV-16-DBH, 2017 WL 2303960, at *2 (D. Me. May 25, 2017) ("Falmouth II").  Ms. M. filed a timely appeal to this court.  After careful consideration, we affirm.

## I.

Ordinarily, we review a denial of a motion to amend a complaint for abuse of discretion.  Morales-Alejandro v. Med. Card Sys., Inc., 486 F.3d 693, 698 (1st Cir. 2007).  However, we review de novo whether a district court properly applied the law of the case doctrine.  Negrón-Almeda v. Santiago, 579 F.3d 45, 50 (1st Cir. 2009).  Under either standard, the district court did not err in denying Ms. M's motion to amend.

Ms. M waived her inappropriate design claim.  She did not include it in her original complaint in the district court and she did not raise it after Falmouth argued in the district court that, assuming the IEP did not require Falmouth to provide SPIRE instruction to O.M., there would be no ground for concluding that Falmouth had denied O.M. a FAPE.  It is well settled in this area

---

[2]  Ms. M. states that she raised this claim at her administrative hearing, and Falmouth has not challenged this contention.

of law that "[c]laims not articulated to the district court cannot be raised on appeal, even if they had been pressed before the hearing officer." Hampton Sch. Dist. v. Dobrowolski, 976 F.2d 48, 53-54 (1st Cir. 1992). The logic behind this rule "is at least two-fold: an appellant cannot evade the scrutiny of the district court nor can he surprise the court on appeal with a new claim in order to create essentially a new trial." G.D. v. Westmoreland Sch. Dist., 930 F.2d 942, 950 (1st Cir. 1991).

Ms. M. cannot avoid this rule by amending her complaint to respond to the adverse decision she received from this court in Falmouth I. We generally do not "allow plaintiffs to pursue a case to judgment and then, if they lose, to reopen the case by amending their complaint to take account of the court's decision." James v. Watt, 716 F.2d 71, 78 (1st Cir. 1983). In our view, "[s]uch a practice would dramatically undermine the ordinary rules governing the finality of judicial decisions, and should not be sanctioned in the absence of compelling circumstances." Id. Ms. M advances no such compelling circumstances here. She could have pursued an inappropriate design claim originally in the district court, just as she had at the administrative hearing. She chose not to do so and is now bound by her choice.

Ms. M. argues that, before our decision in Falmouth I, she was not "aggrieved" by the findings made as to the design of O.M.'s IEP and therefore could not have pursued her inappropriate

design claim earlier.  20 U.S.C. § 1415(i)(2)(A).  We disagree.

Section 1415(i)(2)(A) provides that "any party aggrieved by the findings and decision made under this subsection, shall have the right to bring a civil action with respect to the complaint presented pursuant to this section . . . in a district court of the United States." (emphasis added).  Ms. M. was aggrieved by the hearing officer's decision to reject all of her claims for relief. She was thus entitled to bring suit based on any theory included in her administrative complaint.

Accordingly, the district court properly denied Ms. M's motion to amend under the law of the case doctrine.  "The law of the case doctrine precludes relitigation of the legal issues presented in successive stages of a single case once those issues have been decided."  Cohen v. Brown Univ., 101 F.3d 155, 167 (1st Cir. 1996).  The doctrine "afford[s] courts the security of consistency within a single case while at the same time avoiding the wastefulness, delay, and overall wheel-spinning that attend piecemeal consideration of matters which might have been previously adjudicated."  United States v. Connell, 6 F.3d 27, 30 (1st Cir. 1993).

Our holding in Falmouth I was clear:

> Since we hold that O.M.'s IEP did not specify that she was to receive SPIRE instruction during her third-grade year, and because Ms. M. does not contend that Falmouth violated her daughter's IEP in any other way, it

> necessarily follows that Falmouth did not breach the IEP's terms and thus did not violate O.M.'s right to a FAPE. Accordingly, we REVERSE the district court's determination that Falmouth violated O.M.'s IEP and VACATE the accompanying damages award.

847 F.3d at 29. We did not remand the case to the district court for further proceedings. Even if we had remanded the case, the district court would have been bound to "implement both the letter and the spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." Connell, 6 F.3d at 30.

We decided the legal issue whether Falmouth violated O.M.'s right to a FAPE in our first decision, based on the sole theory properly presented to us at that time. The district court correctly concluded that our resolution of this legal issue was the law of the case and that, absent compelling circumstances not present here, introducing a claim that could have been raised previously would be inappropriate. Cohen, 101 F.3d at 168.

## II.

Falmouth seeks attorney fees and costs from Ms. M.'s attorney for the defense expenses incurred after our decision in Falmouth I. The IDEA permits a prevailing state or local education agency to recover attorney fees if a plaintiff filed a cause of action that was "frivolous, unreasonable, or without foundation" or "continued to litigate after the litigation clearly became

frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II).[3]

The district court denied Falmouth's request for attorney fees because it found Ms. M.'s argument on the motion to amend was not frivolous. Falmouth II, 2017 WL 2303960, at *2. Because Falmouth did not appeal the district court's denial of attorney fees, it has waived the issue and cannot recover its fees and costs expended in the district court. The only question presented to us is whether, by appealing the district court's ruling, Ms. M. has continued to pursue this case after litigation had clearly become "frivolous, unreasonable, or without foundation." 20 U.S.C. § 1415(i)(3)(B)(i)(II).

We will not award attorney fees to Falmouth for the expenses it incurred in this second appeal. Ms. M.'s appeal raises nonfrivolous questions as to the proper scope of the law of the case doctrine and the circumstances under which a complaint may be amended post-appeal. Moreover, the district court invited Ms. M. to appeal its ruling, stating that if it had erred in finding the law of the case doctrine applied, "it is up to the plaintiff to seek a reversal of this ruling by appealing it to the First Circuit." Falmouth II, 2017 WL 2303960, at *2. Under these circumstances, we do not find an award of attorney fees warranted.

**Affirmed.**

---

[3] In Falmouth I, we declined to award attorney fees because Falmouth had not requested them. 847 F.3d at 29 n.10.